## Cusano, Appellant, *v.* Mecaskie.

*Equity—Specific performance—Contracts for sale of real estate—Defective title.*

A court of equity will not decree specific performance of a contract for the sale of real estate, where it appears that the defendants cannot deliver a title free and clear of all encumbrances, as required in the articles of agreement.

Where the defendants are willing but unable to perform the contract they made, equitable decrees will not be granted for the purpose of coercing individuals to do impossible things.

Argued December 14, 1920. Appeal, No. 310, Oct. T., 1920, by plaintiff, from decree of C. P. No. 1, Phila. Co., June T., 1919, No. 6246, sitting in equity, dismissing bill in equity in case of Angelo Cusano v. James Mecaskie and Sarah Mecaskie. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Affirmed.

Bill in equity for specific performance. Before SHOE-MAKER, J.

The facts are stated in the opinion of the Superior Court.

The court dismissed the bill. Plaintiff appealed.

*Error assigned*, among others, was the decree of the court.

*James R. Wilson*, for appellant.

*Jay Rich Grier,* for appellee.

OPINION BY HEAD, J., April 18, 1921:

The plaintiff filed a bill praying for a decree of specific performance of an executory contract for the sale of real estate, entered into between him and the defendants. The agreement was in writing, dated 27th of May, 1918. Therein the present defendants, the owners of a piece of real estate in the City of Philadelphia, covenanted and agreed to convey the same clear of all encumbrances for a price therein named. It contained a provision for the payment of $50 hand money "which deposit shall be forfeited to the said party of the first part [the vendor] as liquidating damages in case of the default by the said party of the second part, etc." It further provided that settlement was to be made "within ninety days from the date hereof, said time to be the essence of this agreement, unless extended by mutual consent in writing endorsed hereon." It was known to the plaintiff as well as to the defendants that at the time the agreement was made, the property was subject to a ground rent yielding the sum of $42 annually. It was also known to both that such rent was a redeemable one and it was in the contemplation of the parties that its redemption could be brought about under ordinary circumstances.

The learned judge below, upon sufficient evidence, found that it was practically impossible for the vendor to bring about this redemption of the ground rent because he finds as follows: "Respondents were ready and willing at all times during the life of said agreement, expiring August 27, 1918, to execute and deliver their deed of conveyance in accordance with its terms, but upon communicating with the Fidelity Trust Company of Philadelphia, agents for the collection of the said ground rent, for the purpose of obtaining a deed of extinguishment thereof, they were then informed that the owners of said ground rent were scattered, some residing in Europe, whose whereabouts were

221, (1921).]          Opinion of the Court.

unknown, and are still unknown after a search of over two years, and that to procure such an extinguishment was an impossibility, etc." He further found there was no meeting of the parties on the date fixed for the settlement, and that the present plaintiff, the vendee in the agreement, at no time before the expiration date named in the agreement had ever indicated to the vendor his willingness to accept a deed subject to the ground rent, nor had he tendered for execution a deed made in accordance with the terms of the agreement, and the balance of the purchase money named therein. Being of opinion that under such circumstances, the plaintiff was in no position to demand a decree for specific performance, in that he had failed to make a tender of performance by himself, the learned chancellor dismissed the bill. We are of opinion he was right in so doing, not only for the reason he assigned, but for another that is, and ought to be, a matter of grave consideration in such cases. It has often been said a decree of specific performance is of grace and not of right. This of course does not mean that the granting or refusal of such a decree is to be predicated upon the mere whim of a chancellor, or as the result of some arbitrary conclusion reached by him. On the contrary his decree should follow the exercise of a sound judicial discretion under the facts of the particular case. It was not necessary for the present plaintiff to come into a court of equity to recover back any money he had paid, nor to recover such damages resulting from the loss of his bargain as might be awarded in a proper case by the judgment of a court of law. A court of equity, however, moves along somewhat different lines. Its decrees, when made, bind not merely property but become obligatory upon persons and may be enforced by remedies dealing with individuals. Now were a decree of specific performance of this contract to be made under existing conditions, how would the court below seek to enforce its performance? With the best will in the world, the defendants are unable to perform the contract

they made and equitable decrees are not to be obtained for the purpose of coercing individuals to do impossible things.

We are therefore of opinion the learned court below was right in dismissing the bill, and his decree should not be interfered with.   Decree affirmed; the costs to be paid by appellant.