Kusmaul *v.* Stull et al., Appellants.

Argued November 25, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

reargument refused April 14, 1947.

*John W. Hallahan,* for appellants.

*Walter D. Stewart,* for appellee.

OPINION BY MR. JUSTICE PATTERSON, March 24, 1947:
This is a Bill in Equity by Gertrude B. Kusmaul, appellee, against H. Tuttle Stull and Merian M. Stull, his wife, Joseph Faber, and John Hausmann and Julia Hausmann, his wife, to have a conveyance of real estate from the Stulls to Faber declared null and void, and to compel the Stulls to specifically perform a written agreement for the sale of the same real estate to appellee. After hearing on Bill and Answer, a decree was entered granting the relief prayed for. John Hausmann and Julia Hausmann, appellants, took this appeal from the decree of the court *en banc* dismissing exceptions to the chancellor's adjudication.

The facts found by the chancellor, approved by the court en banc, and amply supported by the evidence, are: On July 9, 1943, H. Tuttle Stull and Merian M., his wife, purchased real estate situate at 717 Longshore Street, Philadelphia. In the early part of December, 1943, Stull advertised said real estate for sale in a newspaper. Frederick T. Fitt, a real estate broker who had negotiated the previous sale to Stull and his wife, saw the advertisement and, on December 12, 1943, vis-

ited the Stulls at their home. Stull asked $7900 for the property. Fitt, after remarking that the property would not bring more than $7500, offered $7600. Stull and his wife verbally agreed to sell, and accepted Fitt's personal check for $100. The following day Stull came to Fitt's office, surrendered the check for $100 and received another in the sum of $300. At the same time Stull and his wife executed a written agreement calling for a sale price of $7600, payment of $300 at the signing of the agreement, an additional sum of $450 on or before January 1, 1944, and the balance of $6850 upon delivery of a deed on or before March 13, 1944. Said agreement provided, inter alia, that "Possession . . . be delivered by deed at the time of settlement", and, "should the buyer fail to make settlement as herein provided, and the said time is agreed to be the essence of this agreement, sum or sums paid on account are to be retained by the seller." The agreement of sale was signed by the Stulls with full knowledge that title to the said property was to be in the name of Fitts' secretary, appellee.

Pearl E. Yeager, a real estate saleswoman for the firm of Hyer-Kemner, contacted the Stulls on December 22, 1943, regarding the purchase of the property by her customer, John Hausmann, appellant. She was referred to Fitt who informed her that the sale price would be $8500. Hausmann inspected the property and agreed to said purchase price, made a down payment of $500, and on December 27, 1943, signed a written agreement of sale prepared by the Hyer-Kemner Company, as agent for John and Julia Hausmann, appellants. In said agreement Fitt was named as agent for appellee, the vendor. The agreement of sale was duly signed by the said vendees and approved by Fitt and appellee on January 3, 1944.

On Monday, January 3, 1944, Fitt contacted Mrs. Stull, stating that he had a check for the additional de-

posit in the sum of $450. Dr. Stull not being home, Fitt told her he would hold the check until Stull came in. No objection was made to this arrangement. The following day Fitt and appellee, instead of waiting for Stull to come to Fitt's office, went to the Stull residence for the purpose of delivering said check. Although there was evidence that someone was in the house at the time, no one answered the door bell.

Hausmann informed his real estate agent that he had another better house and, on January 4, 1944, demanded the return of his deposit money. Hausmann visited William K. Brandt, title officer of the Wyoming Bank and Trust Company, for the purpose of securing a mortgage on the property in question. Several days thereafter, Hausmann informed Brandt that the agreement with Fitt might be cancelled and he would deal directly with the Stulls. Meanwhile, the Stulls and appellants entered into some verbal understanding relating to the real estate and, on January 15, Hausmann, together with his attorney, discussed the outstanding agreement of sale with Brandt, who informed them that title would have to come through Fitt.

On February 2, the Stulls conveyed the premises to Joseph Faber, a straw man for the Hausmanns, for a consideration of $8,000. At said settlement, Mrs. Stull signed an affidavit that there was no other agreement of sale or deed for the premises other than those involved in the particular transaction. Shortly thereafter, Faber conveyed to appellants who moved into the said premises. No offer to return the $300, paid on account by Fitt, was ever made nor was notice ever given to appellee that the agreement of sale was void.

The chancellor concluded that there was a valid and enforceable agreement of sale between appellee and the Stulls; that contrary to the existing agreement of sale and in fraud of the right of appellee, the Stulls conveyed said premises to Faber, which conveyance was null and

void; that the subsequent conveyance from Faber to appellants was null and void; that since appellants had knowledge of the outstanding agreement between the Stulls and appellee, they took the property subject to said agreement. A decree was entered directing the Stulls, upon payment to them of $7,600, plus interest on the sum of $450, to execute and deliver to appellee a proper deed to the premises in question, and, further, that appellants and the Stulls account to appellee for any and all profits and interest thereon by reason of the said conveyance to Faber.

Appellants contend (1), that the present bill cannot be maintained by Gertrude B. Kusmaul for the reason that Fitt was the real purchaser; (2) that there was an adequate remedy at law; and (3) that appellee was barred by laches.

Rule 2002 (b) of the Procedural Rules provides: "A plaintiff may sue in his own name without joining as plaintiff or use-plaintiff any person beneficially interested when such plaintiff . . . (2) is a person with whom or in whose name a contract has been made for the benefit of another." A real party in interest in any given contract or chose in action is the person who can discharge the duties created, and control an action brought to enforce rights. "This does not mean that the real party in interest is the person who is ultimately entitled to the benefit of any recovery obtained nor the person beneficially interested therein. In many cases, the real party in interest will also be a person beneficially interested in the cause of action, but this is not necessary. If the person in question has the ability to discharge the obligation, even though he might violate a duty to a third person in so doing, and if the person in question can control the action he is the real party in interest"; Goodrich-Amram Procedural Rules Service, section 2002 (2)-3. In the instant case Gertrude B. Kusmaul was the principal named in the agreement of sale. It was she

who could discharge the obligations and enforce rights created therein.

Had the Stulls performed their obligations under the agreement of sale and conveyed to appellee, they would have been discharged from further liability thereunder. Appellants' rights can rise no higher for, as the court below stated: "To circumvent Fitt . . . Stull and Hausmann, consummated the sale of the property directly for the sum of $8,000, well knowing that this conduct was in derogation of the rights which Fitt had acquired through the respective agreements of sale."

The legal obstacle to performance of the decree of the court below is the basic principle upon which specific performance is decreed: an agreement of sale properly executed conveys equitable title and equity will decree that the legal title shall be conveyed upon payment of the agreed consideration. In the instant case appellee, having effectively conveyed the equitable title to the present title holders by a valid agreement of sale, is no longer seized of the equitable title and, therefore, has no standing to compel conveyance of the legal title.

Appellants should be required to account to appellee for the difference between the amount which appellee agreed to pay for the real estate and the amount to be received on the re-sale. Stull, the original title owner, received from Hausmann the difference between $7,600 and $8,000, or $400. Hausmann, in paying Stull the $8,000 instead of the $8,500 which he agreed to pay appellees, saved $500. Appellants, therefore, should account to appellee for the sum of $900, together with any interest lawfully thereon.

The second and third contentions are entirely without merit.

The decree of the court below is reversed and the record remanded for the entry of a decree consistent with this opinion. Costs to be paid by appellants.