Redevelopment Authority of the City of Pottsville, Appellant *v.* Marjorie F. Gallagher, a/k/a Margie F. Gallagher, Appellee.

646

Argued February 3, 1977, before Judges KRAMER, ROGERS and BLATT, sitting as a panel of three.

*Cyrus Palmer Dolbin,* with him *Donald D. Dolbin,* for appellant.

*Lester Krasno,* with him *Krasno & Krasno,* for appellee.

OPINION BY JUDGE ROGERS, February 28, 1977:

The appellee, Mrs. Marjorie F. Gallagher, and the appellant Redevelopment Authority of the City of Pottsville, entered into a writing by which Mrs. Gallagher offered and agreed to sell to the Authority real estate in the City of Pottsville. The agreement provided that the offer should be irrevocable for a period of thirty (30) days from the date of the agreement and should remain in force thereafter until terminated

by Mrs. Gallagher, and that if the offer was accepted, the Authority should specify a place and time of closing not more than sixty (60) days after the date of acceptance. The purchase price was to be $24,960. The writing bears a date of acceptance by the Authority of April 9, 1975.

On May 21, 1975, the Authority commenced an action in equity in the Court of Common Pleas of Schuylkill County in which it alleged that Mrs. Gallagher entered into the contract on April 7, 1975; that it, the Authority, executed it on April 9, 1975; that the Authority has been willing to comply with the contract; that Mrs. Gallagher, through her counsel, had notified the Authority that she would not settle for the property, and would not deliver a deed for or convey it; and that Mrs. Gallagher subsequently failed to appear at an unspecified time and place appointed for settlement. The relief asked for is a decree enjoining Mrs. Gallagher from encumbering or conveying the property to others, and an order directing her to convey it to the Authority. The complaint, incident to the relief just mentioned, also requests that Mrs. Gallagher be ordered to accept the consideration fixed in the agreement.

Mrs. Gallagher filed preliminary objections to the complaint on June 6, 1975 which were never disposed of. On March 15, 1976 Mrs. Gallagher filed a petition requesting that the equity complaint be dismissed on the ground that on July 11, 1975 the Authority had filed a Declaration of Taking of her property. The court below treated the petition as a preliminary objection and dismissed the complaint. The Authority has appealed the trial court's order.

The Authority explains its condemnation of the property by the filing of the Declaration of Taking as an action forced on it by a project timetable for getting possession of properties and demolishing build-

ings, which timetable was stultified by Mrs. Gallagher's assertedly dilatory preliminary objections to its suit for specific performance. The Authority wants to pursue the equity action for the sole purpose of getting a chancellor's order that Mrs. Gallagher's damages (presumably in the eminent domain case) be limited to the contract price of $24,960.

The court below properly dismissed the complaint for specific performance. It has been declared that the basic principle upon which specific performance of a contract for the purchase of real estate is decreed is that an agreement of sale conveys equitable title and that equity will decree that the legal title shall be conveyed upon payment of the agreed consideration. *Kusmaul v. Stull*, 356 Pa. 276, 51 A.2d 602 (1947). It is apparent that the Authority, having obtained title in fee as a consequence of its filing a Declaration of Taking[1] now has both equitable and legal title and can obtain nothing further by a conveyance. Specific performance will not be decreed if the performance is impossible. *Mussoline v. Tax Claim Bureau*, 410 Pa. 187, 188 A.2d 740 (1963); *Jones v. Gravity Fill Service Station, Inc.*, 361 Pa. 198, 64 A.2d 490 (1949); *Roach v. Irvin*, 245 Pa. 162, 91 A. 243 (1914); *Cusano v. Mecaskie*, 76 Pa. Superior Ct. 221 (1921). The Authority having taken Mrs. Gallagher's title to her real estate, she has nothing to convey. While a decree for specific performance may be entered against a vendor who has attempted by questionable conduct to make performance of the contract impossible (*Field v. Golden Triangle Broadcasting, Inc.*, 451 Pa. 410, 305 A.2d 689 (1973), *cert. denied*, 414 U.S. 1158), we know of no authority for the proposition that a vendee may have a decree for specific perform-

---

[1] By Section 402 of the Eminent Domain Code, Act of June 22, 1964, Special Sess., P.L. 84, *as amended*, 26 P.S. §1-402.

ance where it, the vendee, has made performance impossible.

As we have noted, the Authority simply wants an order that Mrs. Gallagher be limited in the amount of money she will get for the Authority's acquisition of her property to the amount stated in the contract. It says that, conceding the impossibility of Mrs. Gallagher's conveying title to the property, she could nevertheless be required by the equity court to accept the purchase price mentioned in the agreement. This contention is wholly without merit. The agreement of sale fixing a price for the property imposes on the buyer the duty to pay the stipulated purchase price and on the seller the duty to convey the property upon the receipt or tender of the price; it does not impose an obligation on the seller to receive or accept the consideration; and it confers no right in the buyer to force the seller to receive or accept it. Further, specific performance will not be granted where relief is impracticable. We know of no practicable way to force a vendor dissatisfied with his bargain to receive the consideration, and this, of course, is why chancellors when decreeing specific performance require that the consideration be deposited in court.

ORDER

AND Now, this 28th day of February, 1977, the Order of the Court of Common Pleas of Schuylkill County, appealed herein, is affirmed.