## Teklinsky v. Friedland

*Martin W. Bashoff*, for plaintiff.
*John M. Cleary*, for defendant.

GUARINO, *J.*, June 27, 1979—This is plaintiff's petition to amend the caption of the complaint to include as plaintiff "the real party in interest."

The action, on appeal from an arbitration award in favor of defendant, is one in trespass for recovery of damages to an automobile. Petitioner's allegation is that he is only the registered owner of the damaged car; that his son is the real party in interest.

Most assuredly, every action must be brought in the name and only in the name of the real party in interest: Pa.R.C.P. 2002(a).[1] A real party in interest is the party who has such power to discharge the claim upon which the suit is brought and to control all aspects of the prosecution: Smiler v. Toll, 373 Pa. 127, 94 A. 2d 764 (1953); Kusmaul v. Stull, 356 Pa. 276, 51 A. 2d 602 (1947); Beacon Loan Corp. v. Hartford Acc. & Ind. Co., 40 D. & C. 2d 139 (1966). Whether petitioner, the registered owner, has such control that he can discharge defendant tortfeasor is not clear nor is it presented as a determinable issue on this record.[2] The allegation is that plaintiff

---

1. "(a) Except as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts."

2. The failure to join a necessary party in interest could be raised by defendant in preliminary objection, by answer or by motion for judgment on the pleadings and at trial by motion to dismiss. See 2 Goodrich-Amram 2d §§1017(b):16, 1032:6, 1032:8, 1034(a):1, 2.

is the registered owner and the real party in interest is petitioner's son, and these allegations are not denied by defendant. Thus, while it is true that "[a] plaintiff may sue in his own name without joining as plaintiff . . . any person beneficially interested when such plaintiff is acting in a . . . representative capacity." Pa.R.C.P. 2002(b), we cannot in this case determine the relationship between plaintiff and the party to be joined so as to determine the ultimate question of who is the real party in interest or the party who has such power over the claim that he can discharge the tortfeasor. Since in his answer, respondent has admitted that petitioner's son is the "real party in interest" we assume, without so deciding, for the purpose of determining whether to allow the amendment, that petitioner's son is the real party in interest and indispensable to the determination of the cause of action on the merits. See Pa.R.C.P. 209; Philadelphia Court Rule 140(D); Norwich Pharmacal Company v. Clement, 1 Phila. Interloc. Civil Opin. 129 (C.P. Phila. 1977).

Generally, in the absence of prejudice, there would be no difficulty in obtaining leave of court to amend a complaint "to correct name of a party" to the action. "A party, either by filed consent of the adverse party or by leave of court, may at any time . . . correct the name of a party." Pa.R.C.P. 1033. But here, the party is not seeking to correct the name of a party already of record who has been misnamed. The clear import of the present petition is to add an additional party to the record. An application to add an additional party to the action is governed by rules appertaining to joinder (see Pa.R.C.P. 2226 et seq.), and not under the general rule for amending causes of action: Pa.R.C.P. 1033; 2 Goodrich-Amram 2d 1033:3 (1976). Under rules on joinder of parties a court may "[a]t any

stage of an action . . . order the joinder of any additional person who could have joined or who could have been joined in the action and may stay all proceedings until such person has been joined." Pa.R.C.P. 2232(c).

Plaintiff's son, if he were a necessary and indispensable party, could have been compelled to become a party: Pa.R.C.P. 2227,[3] or he could have been permitted to join the suit pursuant to Pa.R.C.P. 2229(a), (b).[4] Thus, I perceive no limitation under the discretionary power granted to the court to order the joinder of petitioner's son as the real party in interest even at this point in the proceeding (see Pa.R.C.P. 2002(b)), unless, of course, the party to be joined objects to being subjected to that suit or the joinder unduly prejudices respondent.

Of course, a party who has not asserted his right to sue prior to the run date of the statute of lim-

_____

3. "(a) Persons having only a joint interest in the subject matter of an action must be joined on the same side as plaintiffs or defendants.

"(b) If a person who must be joined as a plaintiff refuses to join, he shall, in a proper case, be made a defendant or an involuntary plaintiff when the substantive law permits such involuntary joinder."

4. "(a) Persons may join as plaintiffs who assert any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the rights to relief of all such persons will arise in the action.

"(b) A plaintiff may join as defendants persons against whom he asserts any right to relief jointly, severally, separately or in the alternative, in respect of or arising out of the same transaction, occurrence, or series of transactions or occurrences if any common question of law or fact affecting the liabilities of all such persons will arise in the action."

itations not only has indicated his desire not to sue but he cannot be joined in a pending action: 2 Goodrich-Amram 2d §2232(c):3 (1976). In the instant case, the statute of limitations has not run; the cause of action in tort for recovery of damages to property occurred October 21, 1977; the real party in interest could still bring an independent action. See 42 Pa.C.S.A. §5524(3).[5] If this separate suit would be commenced there would be no impediment to having it consolidated with the present action; the defendant would be in no different position because of it. However, it is not within the power of this court to compel the joinder of an unwilling party plaintiff, unless the party to be joined as plaintiff is a necessary and indispensable party in interest and can be joined as an involuntary plaintiff under Pa.R.C.P. 2227: 2 Goodrich-Amram §2232(c):2 (1976); 2 Standard Pa. Prac. §105 (1956).

Since the record before me does not establish that Raymond Teklinsky is an indispensable party to this action who might be joined as an involuntary plaintiff, the court in accordance with this opinion can only make and does make the following

## ORDER

And now, June 27, 1979, the petition to amend the case by joining as party plaintiff Raymond Teklinsky is granted provided that within the next 20

---

5. "§5524. Two year limitation

"The following actions and proceedings must be commenced within two years: . . . (3) An action for taking, detaining or injuring personal property, including actions for specific recovery thereof."

days he files with the prothonotary a praecipe consenting to the joinder as party plaintiff or in the alternative, that within that time he file a separate suit against defendant, in which case, the two actions shall be deemed joined for trial.