Harry LORE

v.

Nancy M. SOBOLEVITCH, Court Administrator of Pennsylvania, and Administrative Office of Pennsylvania Courts, and Geoff Gallas, Executive Administrator, Office of the Executive Administrator First Judicial District of Pennsylvania, Appellants.

Commonwealth Court of Pennsylvania.

Argued Dec. 6, 1995.

Decided May 3, 1996.

Howard M. Holmes, for appellants.

Harry Lore, appellee, pro se.

Before COLINS, President Judge, and DOYLE, McGINLEY, SMITH, PELLEGRINI, FRIEDMAN and KELLEY, JJ.

FRIEDMAN, Judge.

The Administrative Office of Pennsylvania Courts, the Court Administrator of Pennsylvania and the Executive Administrator of the First Judicial District of Pennsylvania (collectively, AOPC) appeal from an interlocutory order of the Court of Common Pleas of Philadelphia County (trial court), certified to this court pursuant to 42 Pa.C.S. § 702(b), which overruled AOPC's preliminary objections to Harry Lore, Esquire's (Lore) Amended Complaint in Mandamus (Amended Complaint).[1]

The present action arose out of Lore's representation of the late Angelo A. Guarino (Judge Guarino), a former Senior Judge of the Philadelphia County Court of Common Pleas, in an unsuccessful civil rights lawsuit against individual justices of the Pennsylva-

---

**1.** We note that Harry Lore passed away on February 16, 1996, during the pendency of AOPC's appeal. Subsequently, AOPC filed a Suggestion of Death with this court pursuant to Pennsylvania Rule of Appellate Procedure 502(a), Pa. R.A.P. 502(a).

Rule 502(a) permits any party to make a suggestion of death on the record. The Rule then states that proceedings may be had as this court directs. Accordingly, we will proceed to address the merits of the appeal in the interests of justice.

nia Supreme Court, the Court Administrator and AOPC.[2]

After the dismissal of Judge Guarino's federal suit, Lore filed a request with AOPC for payment of attorney's fees and costs incurred as a result of his representation of Judge Guarino; AOPC refused Lore's request. Lore then filed a petition for relief in the nature of mandamus in the supreme court; the supreme court denied Lore's petition without opinion. Consequently, Lore filed a complaint in the trial court, again requesting a writ of mandamus ordering AOPC to pay Lore for his expenses in representing Judge Guarino.

After AOPC filed preliminary objections to the complaint, Lore filed an Amended Complaint, requesting that the trial court issue a writ of mandamus "to compel [AOPC] to disclose amounts paid [by AOPC] for private representation of the Justices of the Supreme Court of Pennsylvania in the suit brought by the late Judge Guarino and to pay [Lore] a fair and reasonable fee for his representation of Judge Guarino in that matter...."[3] (Amended Complaint at paragraph 17.) Alternatively, Lore requested that the trial court declare his right to such a fee pursuant to section 7532 of the Declaratory Judgments Act, 42 Pa.C.S. § 7532. (Amended Complaint at paragraph 17.)

In response to Lore's Amended Complaint, AOPC again filed preliminary objections. By order dated April 24, 1995, the trial court overruled AOPC's preliminary objections without opinion. Upon petition by AOPC,

however, the trial court amended its order of April 24, 1995 to certify controlling questions of law to this court pursuant to section 702(b) of the Judicial Code.[4] On August 14, 1995, we granted AOPC's petition for permission to appeal and certified four issues to be considered on appeal:

1. Whether, under the Pennsylvania Constitution and related statutes, a court of common pleas has administrative authority or subject matter jurisdiction to review the discretionary decision of the Court Administrator of Pennsylvania under Rule [505](15) of the Rules of Judicial Administration as to the provision of legal counsel by AOPC, when presented through a mandamus claim against governmental officials and entities.

2. Whether a court of common pleas has personal jurisdiction over the Court Administrator of Pennsylvania, the Administrative Office of Pennsylvania Courts and the First Judicial District.

3. Whether an attorney has standing to demand payment of his client's bill for fees and costs under Rule [505](15).

4. Whether the doctrine of sovereign immunity is an absolute bar to the underlying lawsuit, insofar as it is a claim for damages.

(R.R. at 61.) Because we find that Lore has no standing under Rule 505(15) of the Pennsylvania Rules of Judicial Administration, Pa. R.J.A. 505(15), to demand payment from AOPC for fees and costs that his client,

---

**2.** The lawsuit sought to invalidate, on federal constitutional grounds, an order of the Supreme Court of Pennsylvania which had revoked Judge Guarino's appointment as a Senior Judge on the Philadelphia County Court of Common Pleas. *See Guarino v. Larsen,* 11 F.3d 1151 (3d. Cir. 1993), for a detailed history of Judge Guarino's litigation against the supreme court.

**3.** Lore alleged that AOPC's "failure to disclose amounts paid to private counsel in the *Guarino* matter, together with failure to pay [Lore] a reasonable compensation for legal services rendered to a distinguished Senior Judge of the Court of Common Pleas, deprive [Lore] of the equal protection of the laws under the Fourteenth Amendment of the U.S. Constitution, represent a most improper disposition of the business of court administration in violation of Article 5, § 10 of the Pennsylvania Constitution,

and justify the relief requested by [Lore]." (Amended Complaint at paragraph 14.)

**4.** 42 Pa.C.S. § 702(b). Section 702(b) provides as follows:

(b) Interlocutory appeals by permission.—When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

Judge Guarino, incurred as a consequence of his litigation against the Pennsylvania Supreme Court, we need not address issues one, two and four, as certified for appeal to this court.

■ The core concept of standing is that a person who is not adversely affected in any way by the matter he or she seeks to challenge is not "aggrieved" thereby and, consequently, is not an appropriate party to obtain judicial resolution of the challenge. *Wm. Penn Parking Garage v. City of Pittsburgh*, 464 Pa. 168, 346 A.2d 269 (1975). Thus, the inquiry into standing is to ascertain that a petitioner has an interest in the subject of the litigation which is legally sufficient to qualify that person as a proper party entitled to make the legal challenge to the matter involved. *Pennsylvania Game Commission v. Department of Environmental Resources*, 521 Pa. 121, 555 A.2d 812 (1989); *O'Grady v. Centennial School District*, 43 Pa.Cmwlth. 287, 401 A.2d 1388 (1979).

■ Here, Lore is not a proper party entitled to challenge AOPC's failure to pay Judge Guarino's legal expenses. Under traditional concepts of standing, one who seeks to challenge governmental action must show a direct and substantial interest in the outcome of the litigation. *Wm. Penn Parking*. The requirement of a substantial interest simply means that the individual's interest must have some substance beyond the abstract interest of all citizens in procuring obedience to the law; it does not mean that an economic injury must be present because it is clear that some interests will suffice to confer standing even though they are neither pecuniary nor readily translatable into pecuniary terms. *Id.*

■ Lore clearly has an interest beyond the abstract interest of all citizens in procuring obedience to the law, and, obviously, has a pecuniary interest in recovering the fees and costs that he expended in representing Judge Guarino. However, "the purpose of the 'standing' requirement is to insure that a legal challenge is by a proper party," *Pennsylvania Game Commission* 521 Pa. at 128,

555 A.2d at 815, and Lore is not a real party in interest, as required by Rule 2002 of the Pennsylvania Rules of Civil Procedure.[5] The courts have defined the "real party in interest" in any given contract or chose in action as a person who has the power to discharge the duties created and to control a cause of action and the proceedings brought to enforce it. *Spires v. Hanover Fire Insurance Co.*, 364 Pa. 52, 70 A.2d 828 (1950), *overruled in part on other grounds by Guy v. Liederbach*, 501 Pa. 47, 459 A.2d 744 (1983); *Kusmaul v. Stull*, 356 Pa. 276, 51 A.2d 602 (1947). To be the real party in interest, then, one must not merely have an interest in the result of the action, but must be in such command of the action as to be legally entitled to give a complete acquittal or discharge to the other party upon performance. *Spires*.

■ While it is often the case that the real party in interest will also be a person who is beneficially interested in the cause of action, it is not necessary that the real party in interest be the person who is ultimately entitled to the benefit of any recovery obtained or the person beneficially interested therein. *Kusmaul*. On the other hand, even if a person is beneficially interested in a cause of action and entitled to the recovery, he or she may not have the requisite power, required of a real party in interest, to discharge the obligation and control the action. *Id.*

■ Rule 505(15) provides that AOPC shall have the power "[t]o provide to personnel of the system legal services and, when appropriate, representation by legal counsel." Pa. R.J.A. 505(15). "Personnel of the system" is defined as "[j]udges and other judicial officers, their personal staff, the administrative staff of courts and justices of the peace, and the staff of the Administrative Office and other central staff." Pa. R.J.A. 102. Judge Guarino clearly falls within Rule 102's definition of "personnel of the system;" Lore, on the other hand, clearly does not. Consequently, any duty or obligation on the part of AOPC to provide, and pay for, legal representation for Judge Guarino in his suit

---

5. Rule 2002 provides, in pertinent part, that "all actions shall be prosecuted by and in the name of the real party in interest...." Pa. R.C.P. No.2002.

against the supreme court runs from AOPC to Judge Guarino, not Lore.

■ Accordingly, Judge Guarino is the real party in interest here in a suit seeking to compel payment of legal fees incurred on Judge Guarino's behalf.[6] Although Lore has a beneficial interest in the cause of action and may, ultimately, be entitled to any recovery obtained, only Judge Guarino has the power to discharge AOPC's obligation, if one, in fact, exists.[7] Thus, any claim that Lore may have for legal fees and expenses incurred in representing a member of the judicial system properly lies against the estate of the late Judge Guarino rather than AOPC.[8]

■ Lore argues, however, that, "with the untimely and tragic demise of Judge Guarino, [Lore] alone has the requisite standing to assert [Judge Guarino's] claim for fees." (Lore's brief at 24.) Although a person may acquire the right to sue in his or her own name as a real party in interest by way of assignment from another, *see Brown v. Esposito,* 157 Pa. Super. 147, 42 A.2d 93 (1945), there is no evidence that Judge Guarino or his estate assigned to Lore any rights that Judge Guarino may have had against AOPC under Rule 505(15). Moreover, Lore makes no such allegation in his Amended Complaint, as would be required if Lore derived his interest in the cause of action from another. *See id.* (holding that a plaintiff must allege affirmatively as fact the derivation of title to a cause of action).

Accordingly, because we find that Lore lacks standing to bring a claim against AOPC for any legal fees AOPC may have rightfully owed to Judge Guarino as a member of the unified judicial system, we reverse the trial court's order overruling AOPC's preliminary objections and remand this case to the trial court with instructions to sustain AOPC's preliminary objections and dismiss Lore's Amended Complaint.

### ORDER

AND NOW, this 3rd day of May, 1996, the order of the Court of Common Pleas of Philadelphia County, dated April 24, 1995, is reversed, and this case is remanded to the Court of Common Pleas of Philadelphia County with instructions to sustain the preliminary objections of the Administrative

6. We recognize that there are various exceptions to the rule requiring that an action must be prosecuted by the real party in interest; however, none of those exceptions apply here.

There is no allegation that Lore is suing in a fiduciary or representative capacity, nor is there any claim that he is suing as the third party beneficiary of any contract between Judge Guarino and AOPC that might be implied by operation of Rule 505(15). Moreover, even if Lore had made such an allegation, Lore would not be a third party beneficiary entitled to recover on the contract because, to be one, both AOPC and Judge Guarino must have intended Lore to be a beneficiary of their contract and must have affirmatively indicated that intention in the contract. *See Hillbrook Apartments, Inc. v. Nyce Crete Co.,* 237 Pa. Super. 565, 352 A.2d 148 (1975).

7. Because we find that Lore is without standing to bring this action, we need not decide the ultimate issue of whether AOPC, in fact, owes a duty to Judge Guarino to reimburse him for any legal expenses incurred in seeking reinstatement as a Senior Judge on the Philadelphia County Court of Common Pleas.

However, we note that the Supreme Court has held, on more than one occasion, that AOPC is under no obligation to represent every court or judge in every dispute that may arise; nor is it under any obligation to pay someone else to do so. Under Rule 505(15), AOPC has discretion to determine whether, in its judgment, a matter is "appropriate" for it to handle or whether the matter is one which merits AOPC's devotion of resources. *See Commonwealth, ex rel. Jiuliante v. County of Erie,* 540 Pa. 376, 657 A.2d 1245 (1995); *Snyder v. Snyder,* 533 Pa. 203, 620 A.2d 1133 (1993). Moreover, as AOPC observes, we question the likelihood of the judiciary deeming it "appropriate" to subsidize a suit against itself; here, Judge Guarino was not *being sued* in his official capacity as a member of the judiciary, but rather, was himself *suing* other members of the judiciary in their official capacity as judges.

8. If Lore had brought a claim against Judge Guarino's estate and obtained a favorable judgment, Judge Guarino's estate could have followed one of two courses to satisfy the judgment: (1) the estate could have paid Lore and then, in turn, sued AOPC; or (2) the estate could have assigned its rights against AOPC to Lore in satisfaction of the judgment.

In either case, Lore has no direct claim against AOPC; even if Judge Guarino or his estate had brought a successful suit against AOPC, there is no requirement that the estate then pay the judgment to Lore. If the estate refused to pay Lore, Lore's action would properly lie against the estate, not AOPC.

Office of Pennsylvania Courts, the Court Administrator of Pennsylvania and the Executive Administrator of the First Judicial District of Pennsylvania and to dismiss the Amended Complaint in Mandamus of Harry Lore.

Jurisdiction relinquished.

SMITH, J., dissents.

KELLEY, Judge, dissenting.

I respectfully dissent. The majority finds that Attorney Harry Lore had no standing to bring the present action in the Court of Common Pleas of Philadelphia County (trial court). I would find, at the very least, that Lore, as a citizen of the Commonwealth of Pennsylvania, made a sufficient plea in his amended complaint, albeit not specifically related thereto, for the disclosure of a public record to which he was entitled by statute.

The statute which is commonly known as the Right To Know Law (Law), Act of June 21, 1957, P.L. 390, *as amended*, 65 P.S. §§ 66.1—66.4, is clear. Section 1 of the Law defines a "public record" as "[a]ny account, voucher or contract dealing with receipt or disbursement of funds by an agency...." 65 P.S. § 66.1. There is no doubt that the Court Administrator failed to comply with the Law when Lore requested disclosure of the amounts of disbursements from the public purse to counsel who represented various members of the Supreme Court of this Commonwealth.

As for the standing of Lore to seek payment for his legal representation of Judge Guarino, I believe that Lore did have standing, given the unique circumstances of this case. Harry Lore was an attorney, an officer of the court system, who rendered a service to a jurist of that system in a controversy involving the administration of the system. I believe that Lore had standing to pursue just compensation for his service, if it would be determined that he was legally entitled thereto.

I further believe that the trial court did have personal jurisdiction over the Court Administrator, especially since she occupies that office in the County of Philadelphia.

Additionally, I would find that the doctrine of sovereign immunity is not relevant to the present case. The issue herein is not one of sovereign immunity. Rather, the issue is whether Lore is entitled to payment from the public purse for his legal representation of a jurist.

Finally, I believe that, because this case inherently deals with the administration of the judicial branch and the direct involvement of the Justices as the governing body, albeit, at times through the Court Administrator, it should be properly transferred to the Supreme Court's original jurisdiction for disposition.

COLINS, President Judge, joins in this dissenting opinion.