Janice CRAIG by Walter BOOSEL and Eleanor Boosel, His Wife, Her Attorneys–In–Fact, Appellants,

v.

Daniel J. FARREN and Doris Key Farren, His Wife, Appellee.

Superior Court of Pennsylvania.

Submitted July 28, 1997.

Filed Sept. 26, 1997.

Thomas W. King, III, Butler, for appellants.

Victor E. Vouga, Butler, for appellees.

Before DEL SOLE, POPOVICH and EAKIN, JJ.

DEL SOLE, Judge:

This is an appeal from a trial court order sustaining preliminary objections and dismissing the complaint. The trial court ruled that the Boosels were not real parties in interest in this replevin action, according to Pennsylvania Rules of Civil Procedure 2002. Determining that Janice Craig is the real party in interest, we reverse and remand.

Walter and Eleanor Boosel were granted a power of attorney by their granddaughter Janice Craig, a Vermont resident, in an effort to institute the underlying action to recover personal property in Appellees' possession. Appellees, Daniel and Doris Kay Farren, are Ms. Craig's parents. The Complaint alleged that Ms. Craig resided at Appellees' residence until her move to Vermont and upon her departure, she left behind certain listed items of personal property. The Complaint contends that although Appellees agreed to care for and store the property until it could be retrieved, they have refused requests to return the property to Ms. Craig. Appellees filed preliminary objections stating that the Boosels were not the real parties in interest and therefore the claim should be dismissed. The trial court granted the preliminary objections and dismissed the complaint. This appeal followed.

Pennsylvania Rules of Civil Procedure 2002 governs and states:

**Rule 2002. Prosecution of Actions by Real Parties in Interest. Exceptions.**

(a) Except as otherwise provided in clauses (b), (c) and (d) of this rule, all actions shall be prosecuted by and in the name of the real party in interest, without distinction between contracts under seal and parol contracts.

(b) A plaintiff may sue in his own name without joining as plaintiff or use-plaintiff any person beneficially interested when such plaintiff

(1) is acting in a fiduciary or representative capacity, which capacity is disclosed in the caption and in the plaintiff's initial pleading; or

(2) is a person with whom or in whose name a contract has been made for the benefit of another.

Pa.R.Civ.P.2002.

■ This rule was enacted to simplify proceedings by banning legal fictions, technicalities, and the hiding of the real party in interest behind the legal plaintiff. *Ham v. Sulek,* 422 Pa.Super. 615, 621, 620 A.2d 5, 8 (1993).

■ Examination of the record does not indicate any such attempt by the Boosels. Rather, the situation presented in this case is controlled by Rule 2002. The Boosels are acting in a representative capacity, as evidenced by the legal power of attorney attached to the complaint, and their capacity has been correctly disclosed in both the caption and complaint. They are acting as representatives for the named, real party in interest, Janice Craig. A real party in interest in any given contract or chose in action is the person who can discharge the duties created and control an action brought to enforce rights. *Kusmaul v. Stull,* 356 Pa. 276, 278, 51 A.2d 602, 604 (1947), *Lore v. Sobolevitch,* 675 A.2d 805, 808 (Pa.Cmwlth. 1996). Ms. Craig has granted this power to her grandparents and would be bound by the determination rendered.

Accordingly, we reverse the trial court's grant of preliminary objections, and remand for further proceedings.

Order reversed and case remanded. Jurisdiction relinquished.