Brown et al., Appellants, *v.* Esposito.

Submitted March 14, 1945. Before BALDRIGE, P. J., RHODES, HIRT, RENO, DITHRICH and ROSS, JJ.

*Joseph Serling,* for appellants.

*M. S. DePierro,* for appellee.

Opinion by Dithrich, J., April 12, 1945:

Plaintiffs, as assignees of the lessor in a bailment lease, confessed judgment against defendant-lessee upon a warrant of attorney contained in the lease. Under Rule 2002, Pa. Rules of Civil Procedure, plaintiffs confessed judgment in their own names as the real parties in interest. No declaration was filed and the only reference to the assignment of the lease was made in plaintiffs' Affidavit of Default in the following language: "...... said lease, having been lawfully and duly assigned to the plaintiff; ......" The learned court below ordered the judgment stricken off.

Rule 2002 requires that "all actions shall be prosecuted by and in the name of the real party in interest." It changes the prior practice by permitting an assignee to sue in his own name without joining the assignor as a nominal party. But because of this change, the rule necessitates another equally important change in the prior procedure, viz., the plaintiff must trace in his pleading the derivation of his cause of action from his assignor. Under the prior practice, this was considered "impertinence" and the defendant was not permitted to question the use-plaintiff's title to the cause of action. See Note of Procedural Rules Committee, Goodrich-Amram, Rule 2002, p. 5. There was no need to trace the use-plaintiff's title, for only the interest of the legal plaintiff was pleaded. Under Rule 2002, however, the original owner of the cause of action is not named; the assignee becomes the legal plaintiff and he is pleading his own interest in the cause of action. It is obvious, therefore, that the real party in interest

must show in his pleading how he acquired that interest. "The pleading of the plaintiff must show affirmatively that he is the real party in interest." Goodrich-Amram, Sec. 2002(a)-15, p. 24. The derivation of the title to the cause of action must be alleged affirmatively as a fact, so that the defendant may require proof of the assignment if he so desires. "This subdivision [Rule 2002(a)] also requires the plaintiff to trace in his statement of claim the derivation of his cause of action from his assignor or indemnitee, while the defendant, in his affidavit of defense, may challenge the plaintiff's claim that he is the present owner of the cause of action": Rule 2002, Note of the Procedural Rules Committee, supra. When suit is brought against the defendant by a stranger to his contract, he is entitled to proof that the plaintiff is the owner of the claim against him. This protection must be afforded the defendant. Otherwise, the defendant might find himself subjected to the same liability to the original owner of the cause of action, in the event that there was no actual assignment.

In the instant case, the plaintiffs failed to allege the assignment in any pleading. They were not required to set out this assignment verbatim or attach a copy of the assignment as an exhibit to their pleadings. It would have been sufficient if they had stated the fact and date of the assignment and the parties thereto. Goodrich-Amram, Sec. 2002(a)-15, p. 25. But here the fact of the assignment appears nowhere on the record. The only suggestion of the assignment appears in the ex-parte affidavit of the plaintiffs in the clause, "...... said lease having been lawfully and duly assigned to the plaintiff." This is not an affirmative allegation of fact in a pleading, susceptible of proof. In our opinion it is insufficient upon which to base the plaintiffs' claim against defendant.

The order is affirmed.