## Casey Heat Service Co. v. Klein

*J. Frank Connolly*, for plaintiff.
*Jerome I. Myers*, for defendant.

EAGEN, J., November 2, 1945.—This is a motion (filed June 11, 1945) to strike off a judgment entered by virtue of warrant of attorney contained in a lease.

The lease was dated November 25, 1940, and judgment was entered on April 20, 1945. The præcipe directing entry of the judgment was captioned as follows: "Casey Heat Service Co., assigned to Casey Heat Service Corp. v. Benjamin L. Klein". The præcipe itself contained the following directive to the prothonotary:

"Under the authority contained in the attached instrument, and the assignment attached thereto, enter judgment in favor of Casey Heat Service Corp., and against Benjamin L. Klein." (A copy of the original lease and subsequent assignment were attached to the præcipe.) The judgment index contained the following entry: "Assigned to Casey Heat Service Corp. v. Benjamin L. Klein." The continuance docket recited

the action as follows: "Casey Heat Service Co., assigned to Casey Heat Service Corp."

It is contended by defendant that the entry of the judgment is in violation of clause (*a*) of the Pennsylvania Rules of Civil Procedure 2002, which requires that all actions shall be prosecuted by and in the name of the real party in interest.

There is no doubt but that the above rule of civil procedure now makes it mandatory that judgment be confessed under circumstances as presented herein in the name of the assignee, he being the real party in interest. He alone, being the real party in interest, may bring the action to enforce the action and it must be brought in his own name. See Goodrich-Amram Procedural Rules Service; Brown et al. v. Esposito, 157 Pa. Superior Ct. 147; Market Street Trust Co., to use, v. Grove, 53 Dauphin 114; and Hooper, to use, v. Ocker et ux., 50 D. & C. 390. Previously it was the proper practice to institute an action or confess a judgment in the name of the assignor to the use of the assignee. In requiring that every action be prosecuted by the real party in interest, the rule did not change the substantive law; even under the prior practice, the assignor was not a true party to the action. Whether the assignee is the real party in interest must be determined by the principles of substantive law without regard to Rule 2002.

The issue, therefore, presented is whether or not the above action was instituted in the name of the assignee, the real party in interest. We think it was. The prothonotary was directed in the præcipe to enter the judgment in favor of the assignee. The fact that the prothonotary may have erred in properly recording the action should not prejudice plaintiff's rights. We think the prothonotary's dockets should be amended to conform with the directive of the præcipe, and he is ordered so to do.

Now, November 2, 1945, the rule to show cause why the judgment should not be stricken off is discharged.