## Produce Factors Corporation *v.* Brown et ux., Appellants.

Argued December 12, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Leonard S. Wissow,* for appellants.

*Malcolm H. Waldron, Jr.,* with him *Waldron and Weitzman,* for appellee.

OPINION BY FLOOD, J., April 12, 1962:

The defendants executed a judgment note in the ordinary form, dated July 19, 1960, to the order of DePaul Construction Company. The note was endorsed by William Zatkin to Produce Factors Corporation, the plaintiff, which caused judgment to be entered thereon in the Municipal Court (now the County Court) of Philadelphia.

The defendants obtained a rule to strike off the judgment because (1) it was entered in the County Court without the intervention of an attorney for the

defendants and (2) the record does not show that the plaintiff is the original holder or his assignee. The court below discharged the rule.

1. In *Jameson Piano Co. v. Earnest*, 66 Pa. Superior Ct. 586 (1917) this court held that a judgment entered in the Municipal Court of Philadelphia by the clerk of the Municipal Court without any appearance by an attorney for the defendant or declaration signed by such attorney was invalid. The fact that the prothonotary of the Court of Common Pleas of Philadelphia is by virtue of his office Clerk of the Municipal Court, it was held, did not make him the prothonotary of the latter court, and the power given the prothonotary to enter judgments on notes under the Act of 1806 did not extend to the Philadelphia Prothonotary when acting as Clerk of the Municipal Court.

It is true that judgment ordinarily cannot be entered by confession in Pennsylvania without the appearance of the defendant or an attorney for the defendant except under the provisions of the Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, §28, 12 PS §739. At the time of the decision in *Jameson Piano Co. v. Earnest*, supra, this act gave power to enter judgments thereunder only to "the prothonotary of any court of record".

However, the rule of the *Jameson Piano Co.* case was definitely abrogated by the amendment to the Act of 1806, supra, adopted June 10, 1957, P. L. 281, §1, 12 PS §739 (pocket part), which added the following paragraph to the original act:

"In the County of Philadelphia, when the amount appearing to be due is not more than the maximum amount over which the Municipal Court has original jurisdiction, the judgment shall be filed and docketed in the Municipal Court."

It seems obvious that this amendment could have had only one purpose, the abrogation of the rule of the

*Jameson Piano Co.* case and the authorization of the
entry of judgment by confession under the terms of the
Act of 1806, supra, by the Clerk of the Municipal Court
of Philadelphia. However, the appellant argues that
since this amendment did not specifically authorize the
clerk to enter judgment under the act, as it could have
done by adding "or clerk" after the word "prothono-
tary" in the original act, and since it did not state that
such judgment should be "entered" in the Municipal
Court, but only "filed and docketed" in that court, the
rule of strict construction prevents a reading of the
amendment which would authorize the entry of judg-
ment by the Clerk of the Municipal Court. We think
this reasoning is strained and we do not accept it.

The distinction between entering a judgment by
confession and filing and docketing it escapes us. While
a judgment on a verdict may be entered by the court
without being filed, judgments by confession are en-
tered under the Act of 1806 by filing and docketing the
note or warrant of attorney. The act provides that "it
shall be the duty of the prothonotary . . . to enter judg-
ment . . . without . . . declaration filed . . . particularly
entering on his docket the date and tenor of the in-
strument . . . which shall have the same force and ef-
fect as if a declaration had been filed and judgment
confessed by an attorney, or judgment obtained in open
court . . ." It is clear from this that the note or war-
rant may be filed instead of a declaration, and that
this, when entered by the prothonotary on his docket,
constitutes the entry of a judgment. Under the lan-
guage of the Act of 1806, therefore, filing and docketing
the note are equivalent to the entry of a judgment by
confession.

Considering this language of the Act of 1806, to-
gether with the obvious purpose of the Amendment of
1957, no rule of strict construction precludes the natu-
ral interpretation that the Clerk of the County Court

now has all the powers, within that court's jurisdiction, heretofore possessed by the prothonotary in Philadelphia.

The interpretation which defendant seeks to have us adopt would require a plaintiff seeking to enter judgment by confession on a note in the amount of $5000 or less to enter it as before in the Common Pleas Court and then have it transferred to the County Court and filed and docketed in that court. There is no indication that the legislature intended such cumbersome additional procedural steps by the Amendment of 1957. Its obvious intent was to remedy a procedural anomaly arising out of the language of the original act.

2. The defendants' second objection is that the plaintiff is not the original holder and the record does not show that it is the assignee of such holder and therefore it is not a person upon whose application judgment may be entered under the Act of 1806, supra.

The payee is DePaul Construction Company and the note is endorsed "Pay to the order of Produce Factors Corporation . . . (s) William Zatkin". Nothing on the face of the note or the endorsement shows any relationship between William Zatkin, the endorser, and De-Paul Construction Company, the payee. Appellants contend that, since nothing of record at the time the note was entered showed any authority or power in Zatkin to assign the interest of DePaul Construction Company, the original holder, the plaintiff was not entitled to have the note entered of record under the act.

However, in the answer to the petition to strike off the judgment the plaintiff avers that Zatkin is the duly authorized agent of DePaul Construction Company and the owner of its business. Since no depositions were taken, the averments of the answer to the petition to strike must be taken as true: Pa. R. C. P. 209(b). Consequently, Zatkin was duly authorized or empowered to transfer the note to Produce Factors Corporation. Pro-

duce Factors Corporation is therefore the real party in interest. It has not only the right to enter judgment, but is the only party who may do so: Pa. R. C. P. 2002(a).

The question remains whether the plaintiff, as assignee, satisfied the requirement of the real party in interest rules that it must disclose of record the derivation of its title. *Brown v. Esposito,* 157 Pa. Superior Ct. 147, 42 A. 2d 93 (1945) ; 2 Goodrich-Amram, Standard Penna. Practice, §§2002(a)-15, 19.

As we pointed out in *Brown v. Esposito,* supra (157 Pa. Superior Ct. at page 149, 42 A. 2d at page 94) : "When suit is brought against the defendant by a stranger to his contract, he is entitled to proof that the plaintiff is the owner of the claim against him. This protection must be afforded the defendant. Otherwise, the defendant might find himself subjected to the same liability to the original owner of the cause of action in the event that there was no actual assignment."

In that case the plaintiffs had caused judgment to be confessed in their own names as assignees of the lessor in a bailment lease. Since the plaintiffs did not trace their title to the instrument, but merely filed of record an affidavit of default containing a general allegation that the lease had been "lawfully and duly assigned" to them, this court affirmed an order striking off the judgment.

In the case before us the plaintiff filed of record, not only the original note, but also the original assignment of the note in the form of an endorsement appearing on the reverse side of that instrument. The plaintiff here not only traced its title clearly, it filed of record the best evidence of its title, the original assignment itself. That it was required to do no more is implicit in our statement concerning the plaintiffs in *Brown v. Esposito,* supra, where we said (157 Pa.

Superior Ct. at page 149, 42 A. 2d at page 94) : "They were not required to set out this assignment verbatim or attach a copy of the assignment as an exhibit to their pleadings. It would have been sufficient if they had stated the fact and date of the assignment and the parties thereto".

*Boggs v. Levin,* 297 Pa. 131, 146 A. 533 (1929), which is heavily relied upon by the appellant, is distinguishable. In that case an undisclosed principal caused judgment to be confessed in his favor against a tenant on a lease executed by an agent, as lessor, without filing of record any instrument clearly identifying himself as the principal on whose behalf the lease had been executed. Since the case arose prior to the real party in interest rules, the plaintiff should have entered judgment, as the Supreme Court pointed out, in the name of the agent to the use of the plaintiff, as owner. Or, as we pointed out in *Metropolitan Life Insurance Co. v. Associated Auctioneers, Inc.,* 117 Pa. Superior Ct. 242, 177 A. 483 (1935), the plaintiff might have supplied the omission by filing an affidavit identifying himself as the principal on whose behalf the instrument had been executed.

As stated above, no affidavit was necessary in the present case because the original assignment was filed of record. Sufficient information is given from which the defendants can determine whether or not the plaintiff has valid title to the instrument. Cf. *Ulick v. Vibration Specialty Co.,* 348 Pa. 241, 35 A. 2d 332 (1944). If appellant has a meritorious defense its remedy is not by petition and rule to strike off but by petition and rule to open the judgment. Ibid.

Order affirmed.