363 A.2d 1229
**FOURTEES CO.**
**v.**
**STERLING EQUIPMENT CORPORATION,**
**Appellant.**

Superior Court of Pennsylvania.
Sept. 27, 1976.

200

Jay H. Rosenfeld, Philadelphia, for appellant..

Kent H. Albright, Norristown, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

HOFFMAN, Judge.

Appellant contends that the lower court should have granted his motion to strike a judgment entered by confession in favor of appellee because appellee was not a party to the agreement which authorized judgment by confession.

On October 1, 1964, appellant leased a store unit in the Norris Hill Shopping Center located on Johnson Highway, Norristown, Montgomery County. One year prior to the expiration of the first five year term, appellant entered a renewal lease for five years, commencing December 1, 1968, at a monthly rental of $550. The parties to the lease were "Tornetta Realty Corp., Agent for Owners" and "Sterling Equipment Corporation, A Pennsylvania Corporation with offices at 5699 Rising Sun Avenue, Philadelphia, Penn." Paragraph 7 of the lease provided: "All rents shall be payable without prior notice or demand at the office of Lessor's Agent, TORNETTA REALTY CORP., 839 E. GERMANTOWN PIKE, NORRISTOWN, PENNSYLVANIA 19401 . . . ." The lessor reserved to its agent Tornetta Realty Corporation the right to approve any sublease entered into by the lessee. Further, paragraph 13(b) identified Tornetta Realty Corporation in the following manner: "It is hereby expressly agreed and understood that the said TORNETTA REALTY CORP. is acting as agent only and

shall not in any event be held liable to the owner or to Lessee for the fulfillment or nonfulfillment of any of the terms or conditions of this lease, or for any action or proceedings that may be taken by the owner against Lessee, or by the Lessee against the owner." Paragraph 16 authorized confession of judgment by the lessor against the lessee in the event that any terms of the lease were breached; paragraph 20 reserved the right to confess judgment to any assignee of the lessor. The lease was executed by Joseph Tornetta, Agent, Tornetta Realty Corp. and the president and the secretary of Sterling Equipment Corporation. The lease was also signed by "New Hope Inc., Charles J. Tornetta". Thus, the lease contained no reference to the appellee, Fourtees Co.

On March 23, 1973, appellee confessed judgment against appellant in the amount of $20,014.54.[1] Pursuant to Rule 2958, Pa.R.C.P., appellee filed an affidavit of notice of service of the confession of judgment and the complaint. Appellee's complaint alleged the existence of a lease between its agent, Tornetta Realty Corporation, and the appellant. Appellee attached to the complaint a copy of the lease, a confession of judgment, and an affidavit of service. Joseph Tornetta verified the complaint as a partner of appellee, Fourtees Company.

Appellee filed for writ of execution on June 29, 1973; and, on October 10, 1973, the Sheriff of Montgomery County sold appellant's personal property on the premises to appellee for the sum of $700.

---

1. Appellee's Confession of Judgment contained the following itemization of charges: Rent and late charges for January, 1973, $561.00; Rent and late charges for February, 1973, $561.00; Electricity for November, 1972, $78.34; Electricity for December, 1972, $96.83; Electricity for January, 1973, $76.30; Balance of rent to November 30, 1973, (9 months), $4950.00; Balance of electricity (9 months), $1188.00; Sewer and water charges, $1395.00; Restoration of the premises to original condition, $9500.00; Insurance premium increase, $230.00; Glass insurance premium, $120.00; General clean-up expenses, $305.00; and attorney's fees at five per cent (5%), $953.07.

On December 19, 1973, appellant filed its petition to strike and to open the judgment [2] alleging, *inter alia,* that judgment had been entered in favor of appellee, who was neither a party to the lease nor the owner of the premises. Appellee's answer to the petition admitted that appellee was not a party to the lease, but denied that the appellee was never given authority to confess judgment against appellant. Appellee averred that it was " . . . the real party in interest herein, through its duly authorized agent and representative, Tornetta Realty Corporation, . . . [and] was authorized to make claim against the defendant and to Confess Judgment against said defendant." Further, appellee admitted that New Hope, Incorporated, was the record owner of the demised premises, but asserted that New Hope, Incorporated, was only a straw party for appellee and was totally subject to its control. Appellee, therefore, argues that it was the real party in interest to the lease and entitled to confess judgment thereon.

On May 28, 1975, Julian Podgur, the secretary-treasurer of appellant; Victor Romano, a Certified Public Accountant hired by Tornetta Realty Corporation; and Charles J. Tornetta, vice-president of Tornetta Realty Corporation, secretary-treasurer of New Hope, Inc., and a partner in appellee, Fourtees Company, submitted to depositions.

Mr. Podgur stated that he had never known of the existence of Fourtees Company prior to signing the 1968 renewal lease. He claimed that he first heard of Fourtees Company because it was mentioned in letters sent to him by Tornetta Realty Corporation. Further, he stated that at all times appellant had been prepared to pay the rent and utilities, but that it was unwilling to pay the costs

2. In view of our disposition of appellant's contention that the judgment should be stricken, it is unnecessary to consider his contentions with respect to his petition to open the judgment.

incident to preparing the premises for a new tenant, the so-called restoration charges.

Mr. Romano testified in his deposition that he had been retained by the Tornetta Realty Corporation to examine the financial records of New Hope, Inc. He explained that there were no records and that since 1963 or 1964, he had filed tax returns with the Internal Revenue Service showing that the corporation was inactive. He testified that he was also retained to examine the records of the appellee and that all the rental income received by Tornetta Realty Corporation from the lease in question was turned over to appellee. He was unable to say which company held legal title to the demised premises.

Mr. Charles Tornetta testified that New Hope, Inc., held legal title to the demised premises and that, in November, 1968, when the lease with appellant was negotiated, Tornetta Realty Corporation was the agent for New Hope, Inc. He also asserted that New Hope, Inc. was only a straw party to the lease.

On January 9, 1976, after oral argument of appellant's petition to strike and petition to open judgment, the court below dismissed the petition to strike the judgment. The court also ordered that the judgment be opened if the appellee refused to agree to reduce the amount of the judgment from $20,014.54 to $16,206.23. Appellee agreed to this reduction in the judgment, and this appeal followed.

Appellant contends that the court below should have granted its petition to strike because appellee had no authority to take judgment by confession.

A motion to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. If the record is self-sustaining, the judgment will not be stricken. See, e. g., *Malakoff v. Zambar, Inc.*, 446 Pa. 503, 288 A.2d 819 (1972);

*Cameron v. Great Atlantic & Pacific Tea Co., Inc.,* 439 Pa. 374, 266 A.2d 715 (1970); *Linett v. Linett,* 434 Pa. 441, 254 A.2d 7 (1969); *Washington County Controller's Case,* 427 Pa. 631, 235 A.2d 592 (1967); *Fleck v. McHugh,* —— Pa.Super. ——, 361 A.2d 410 (1976, Filed June 28, 1976); *Franklin Interiors, Inc. v. Browns Lane, Inc.,* 227 Pa.Super. 252, 319 A.2d 682 (1974); *Goldenberg v. Holiday Inns of America, Inc.,* 227 Pa.Super. 250, 323 A.2d 176 (1974). It is well-settled that a written lease or contract which authorizes a party to confess judgment must be clear and explicit and strictly construed. Judgment cannot be entered in favor of a stranger to the contract, and, before a party is entitled to recover on a lease or contract, the burden is on him to show that he has an interest therein. *Kine v. Forman,* 404 Pa. 301, 172 A.2d 164 (1961); *Salazo v. Boyle,* 365 Pa. 586, 76 A.2d 179 (1950); *Ulick v. Vibration Specialty Co.,* 348 Pa. 241, 35 A.2d 332 (1944); *Boggs v. Levin,* 297 Pa. 131, 146 A.2d 533 (1929); *Produce Factors Corp. v. Brown,* 197 Pa.Super. 626, 179 A.2d 919 (1962); *Sterle v. Galiardi Coal & Coke Co.,* 168 Pa.Super. 254, 77 A.2d 669 (1951); *Testa v. Lally,* 161 Pa.Super. 478, 55 A.2d 552 (1947). The real party in interest not only has the right to enter judgment by confession, but is the only party who may do so. Rule 2002, Pa.R.C.P. See also, *Produce Factors Corp. v. Brown,* supra, 197 Pa.Super. at 630–31, 179 A.2d at 921–22.

Because judgment by confession may only be entered on behalf of the real party in interest, our courts have held that judgment by confession may be entered by the assignee to a lease or note, see, e. g., *Kline v. Forman,* supra; *Testa v. Lally,* supra; *Brown v. Esposito,* 157 Pa.Super. 147, 42 A.2d 93 (1945); by the agent of the owner to the use of the owner when there is nothing in the lease to indicate the identity of the owner, see, e. g., *Boggs v. Levin,* supra, or by a party operating under a fictitious name when the fictitious name is properly regis-

tered, see, e. g., *Ulick v. Vibration Specialty Co.*, supra.
However, the facts which entitle a party to confess judg-
ment as the real party in interest must be filed of record
or else the judgment will be stricken. *Produce Factors
Corp. v. Brown,* supra; *Brown v. Esposito,* supra.

In the instant case, the appellant alleged in its petition
that appellee was not entitled to confess judgment be-
cause appellee was neither the lessee nor the assignee of
the lease. Appellee filed an answer conceding that it was
not the lessee or assignee of the lease, but alleging that it
was the true owner of the premises because it was the
sole owner of the lessee corporation.

■ When a petition is filed to open or strike off a
judgment, and an answer is filed by the plaintiff, the
averments set forth in the plaintiff-respondent's answer
must be accepted as true if the defendant proceeds with-
out taking depositions: *Kine v. Forman,* supra; *Kros v.
Bacall Textile Corp.,* 386 Pa. 360, 126 A.2d 421 (1956).
If depositions are taken, then the court proceeds to a
consideration of the case on the petition, answer, and
depositions, Rule 209, Pa.R.C.P. See also, *Kros v. Bacall
Textile Corp.,* supra.

■■ After reviewing the pleadings and depositions,
and after hearing argument by both parties, the court
below stated: "defendant-lessee contends in his brief to
support his Petition to Strike Judgment that plaintiff
was not the real or title owner of the demised premises
and was not an assignee of the lease and thus had no au-
thority to enter the confessed judgment herein. To veri-
fy these contentions of defendant-lessee would require
this Court to consider matters outside the record. Thus,
defendant's Petition to Strike Judgment was not the
proper remedy for the matter herein, and, for that rea-
son, was dismissed." While the lower court is correct
that it may not consider matters outside the record when
ruling on a petition to strike, it erred in refusing to strike

the judgment when the record, pleadings, and depositions failed to establish appellee's interest in the demised premises. It was undisputed by appellee that it was neither the owner of the demised premises nor the assignee of the lease. Appellee's sole contention is that because it owned and operated New Hope, Inc., the record owner of the premises and lessor, appellee could confess judgment against appellant. The defect in appellee's argument is that nothing on the record establishes that it was a party to the contractual warrant of attorney or that it was empowered to confess judgment against appellant. Whatever informal arrangements may have existed between appellee and New Hope, Inc., they did not rise to the level of an enforcible contractual right. Because the record does not establish appellee's claim to be a real party in interest to the lease, the lower court should have stricken the judgment.[3]

Because the record does not support appellee's contention that it was entitled to confess judgment against the appellant, we reverse the order of the lower court dismissing appellant's petition to strike and order the judgment stricken.

Order reversed.

PRICE, J., concurs in the result.

VAN der VOORT, J., dissents.

---

**3.** It is of no importance that the judgment in the instant case has already gone to execution. A judgment which is defective on its face is a nullity and without legal effect. Hence, the passage of time, however great, does not enter into a consideration of its validity. See *Funds for Business Growth, Inc. v. Maraldo*, 443 Pa. 281, 278 A.2d 922 (1971); *Sharp v. Valley Forge Medical Center*, 422 Pa. 124, 221 A.2d 185 (1966); *Haverford Township School District v. Herzog*, 314 Pa. 161, 171 A. 455 (1934); *Pennsylvania Stave Company's Appeal*, 225 Pa. 178, 73 A. 1107 (1909). Cf. *Windber Trust Co. v. Evans*, 192 Pa.Super. 417, 422, 161 A.2d 664 (1960); *Markeim-Chalmers-Ludington, Inc. v. Mead*, 140 Pa.Super. 490, 14 A.2d 152 (1940).