## Chippewa Associates v. Diana

*John W. Smart and Ronald J. DiGiorno,* for plaintiff.

*Robert J. Masters,* for defendant.

STEEGE, *J.,* September 21, 1987 — These are companion cases. On April 28, 1987, in each case, plaintiff filed a complaint in confession of judgment and took judgment against all of the named defendants. The judgment confessed at no. 462-1987 DSB is a judgment for money; the judgment confessed at no. 463-1987 DSB is a judgment for possession of real property. Before us is a petition filed on defendants' behalf seeking to strike or open both judgments. For varying reasons which are discussed below, we shall strike both judgments as to all defendants.

The dispute arises out of a lease dated November 21, 1977, between plaintiff as lessor and Diana and Randazzo Boys Corp. as lessee.[1] (Diana and Randazzo Brothers Corp. is not named as a defendant in either complaint or in either judgment.) The lease was signed for Diana and Randazzo Boys Corp. by Jack Randazzo as president and the individual defendant Salvatore Diana as treasurer. Just below their signatures, the lease form contains a directive which reads, in relevant part, as follows:

"If Lessee [Diana and Randazzo Boys Corp.] is a corporation, lease should be executed by president or vice president and attested to by secretary, assistant secretary, treasurer or assistant treasurer [ ]."

On February 15, 1978, the original parties to the lease executed a "First Amendment to Lease," which was signed for Diana and Randazzo Boys

---

1. The lease is for a storeroom in a shopping center or mall, and is of a type commonly used by shopping center developers. It was obviously prepared by the plaintiff.

Corp. by Jack Randazzo and attested by one whose signature is illegible. A "Second Amendment to Lease" was executed in 1978 (no date given), signed for Diana and Randazzo Boys Corp. by Jack Randazzo as president, and attested by Salvatore as secretary. It is the Second Amendment to Lease which contains the warrant of attorney to confess judgment under which both judgments at issue here were confessed.

On May 11, 1981, Diana and Randazzo Boys Corp. assigned the lease to Pizza Boy Family Restaurants Inc. The assignment instrument provided, inter alia, as follows:

"[Pizza Boy] hereby assumes the performance of all the terms, covenants, and provisions of the lease hereby assigned by [Diana and Randazzo Boys Corp.] to [Pizza Boy], and will well and truly perform all the terms, covenants, and conditions of the said lease herein assigned; all with the same full force and effect as if [Pizza Boy] had signed the lease originally as tenant named therein."

On May 20, 1985, Pizza Boy assigned the Lease to Fontana of Beaver Valley Mall Inc. That assignment provided, inter alia:

"It is understood and agreed that all rights, remedies and benefits contained in the Lease in favor of the [plaintiff] and against [Pizza Boy] shall extend to and be applicable to this Assignment and be available to the [plaintiff] as against [Fontana] as though each right, remedy or benefit had been fully set forth herein."

Our Superior Court has set forth the standards for testing a petition or motion to strike a confessed judgment, as follows:

"A motion to strike a judgment will not be granted unless a fatal defect in the judgment appears on the face of the record. If the record is self-sustaining,

the judgment will not be stricken [ ] (citations omitted). It is well-settled that a written lease or contract which authorizes a party to confess judgment must be clear and explicit and strictly construed." *Fourtees Co. v. Sterling Equipment Corporation,* 242 Pa. Super. 199, 205-06, 363 A.2d 1229, 1232 (1976).

There are defects on the face of this record which compel the striking of both judgments as to all defendants. With respect to Salvatore, it is clear, and we find, that he signed the lease in his capacity as an officer of Diana and Randazzo Boys Corp. and not in his individual capacity. The lease so indicates by its terms. The warrant of attorney to confess judgment contained in the lease does not run against Salvatore personally and the judgments entered against him by exercise of the warrant must be stricken. See *Solebury National Bank of New Hope v. Cairns and Kratz,* 252 Pa. Super. 45, 380 A.2d 1273 (1977).

We are mystified by the entry of the judgments against "Randazzo Brothers Corp."[2] Nowhere in the lease or in its amendments, or in either of the assignments of the lease, does Randazzo Brothers Corp. appear as a signatory; indeed we do not find it mentioned. Since Randazzo Brothers Corp. is not a party to this transaction, and may not exist at all, we shall strike the judgments entered against it.

Pizza Boy and Fontana are both assignees of the lease. Neither the assignment to Pizza Boy nor the assignment to Fontana contains a warrant of attorney authorizing confession of judgment, and nei-

---

2. We are equally mystified by plaintiff's failure to confess judgment against Diana and Randazzo Boys Corp., the only lessee which has signed the instrument containing the warrant of attorney.

ther of these two defendants is bound by the warrant of attorney contained in the original lease instrument, which neither has signed. The governing law here was set forth by our Supreme Court in *Frantz Tractor Company Inc. v. Wyoming Valley Nursery,* 384 Pa. 213, 216, 217, 120 A.2d 303, 305, (1956), as follows:

"A warrant of attorney to confess judgment has a very special and significant status. An assignment of a lease binds the assignee with all the terms and conditions thereof except a provision for a warrant of attorney to confess judgment against the lessee; and, this is so even where the assignee formally agrees with the lessor to an assignment of a lease by endorsing thereon that he, the assignee, accepts it "according to its full tenor and effect." See also, *Ahern v. Standard Realty Co.,* 267 Pa. 404 (1920); *Girard Trust Co. v. Cosgrove,* 270 Pa. 570 (1921); and the Annotation at 5 A.L.R.3d 424, in which the commentator states, at page 428, that "the courts [of Pennsylvania] are unanimous in holding that judgment may not be confessed against one who did not himself sign the warrant of attorney, whether he is assignee, guarantor, or another party obligating himself for the performance of the primary contract." The judgments must also be stricken as to Pizza Boy and Fontana.

## ORDER

In accordance with the foregoing opinion, the judgment entered in each of these cases is stricken as to all defendants.