**COMMONWEALTH of Pennsylvania, DEPARTMENT OF COMMERCE,**

v.

**Frank V. CARLOW and Marie Carlow, Appellants.**

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF COMMERCE,**

v.

**Frank V. CARLOW and Marie Carlow, his wife**

**Marie Carlow, Appellant.**

Commonwealth Court of Pennsylvania.

Argued Nov. 18, 1996.
Decided Dec. 23, 1996.

Jonathan P. Clunies, Pittsburgh, for appellants.

John M. Whitlock, Deputy Chief Counsel, Harrisburg, for appellee.

Before FRIEDMAN and KELLEY, JJ., and RODGERS, Senior Judge.

RODGERS, Senior Judge.

Frank V. and Marie Carlow (Carlows) appeal from three orders of the Court of Common Pleas of Fayette County (trial court) that denied the Carlows' petition to strike confessed judgment, granted the Department of Commerce's (Department) motion to amend its complaint and denied the Carlows' motion for evidentiary hearing and stay.[1] We reverse.

On June 16, 1992, the Pennsylvania Industrial Development Authority (PIDA)[2] made a loan in the amount of $2,000,000 (Loan) to the Fayette County Development Council (FCDC), a Pennsylvania nonprofit corporation, for the benefit of the Interstate Thermal Energy Conversion Corporation (ITEC) to assist ITEC in the establishment of an industrial development project located in Fayette County. The Loan was made pursuant to a Loan Agreement between the FCDC and PIDA. The Loan was evidenced by a mortgage and note and was secured in part by the Carlows' personal guaranty.

When ITEC failed to make monthly payments of principal and interest as required, the Department sought the entire unpaid balance of the Loan in accordance with the acceleration provisions of the legal instruments governing the Loan. On June 2, 1995, the *Department* entered judgment against the Carlows in the amount of $1,716,401.07. Thereafter, on August 28, 1995, the Department caused the Prothonotary of Fayette County to issue a writ of execution against the Carlows and Fayette Bank as garnishee. Three days later, the Carlows were served with a copy of the garnishment documents by Fayette Bank.

Subsequently, the Carlows filed a petition for issuance of a rule to show cause why judgment entered by confession should not be stricken. The petition alleged that the

---

1. By orders dated January 31, 1996 and April 16, 1996, the cases were consolidated before this Court.

2. Section 2 of the Pennsylvania Industrial Development Authority Act (Act), Act of May 17, 1956, P.L. (1955) 1609, *as amended*, 73 P.S. § 302, states that PIDA was created to:

 [E]xist and operate for the public purpose of alleviating unemployment with its resulting spread of indigency and economic stagnation by the promotion and development of industrial and manufacturing enterprises and research and development facilities in those areas of the Commonwealth in which conditions of critical unemployment currently or may from time to time exist. Such purposes are hereby declared to be public purposes for which public money may be spent.

Department's complaint in confession of judgment was defective because: 1) the Department lacked the authority to confess judgment as that power rested with PIDA; and 2) PIDA failed to file the requisite affidavit which was a condition precedent to the exercise of the confession powers.

In an opinion and order dated September 14, 1995, the trial court dismissed the Carlows' petition to strike. The trial court reasoned that in Section 4 of the Act, 73 P.S. § 304, the legislature expressly created PIDA to be "a public corporation and government instrumentality," and in Section 9 of the Act, 73 P.S. § 309, it designated the Secretary of Commerce as chairman of PIDA's governing board while giving the Department the duty to provide staff services and serve as liaison between PIDA and other Commonwealth agencies. Under these circumstances, the trial court found that the Commonwealth of Pennsylvania was the actual holder of the instrument at issue so as to have standing to confess the subject judgment.

The trial court also held that the Carlows' contention regarding the affidavit of default was meritless. The trial court noted that the action was commenced by filing a complaint as provided in Pa. R.C.P. No. 2951(b). Because the complaint contained statements of fact and was verified and sworn to before a notary public, the trial court determined it was an "affidavit" as defined in Pa. R.C.P. No. 76.

On September 22, 1995, the trial court entered an order granting the Department leave to amend its complaint in confession of judgment by substituting PIDA for the Department. The trial court granted the leave to amend because, in its view, PIDA and the Department were essentially the same party. The trial court emphasized that no substitution of parties would occur; rather, the named plaintiff would change from the ultimate general holder to the specific lender

"merely as an aid in avoiding possible confusion in what may become a protracted course of litigation in multiple forums." (Trial court opinion of September 22, 1995, R.R. at 183a–184a).

Thereafter, the Carlows filed a motion for evidentiary hearing and stay pending determination of waiver. In the motion, the Carlows cited the case of *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250 (3rd Cir.1994), for the proposition that the trial court must conduct an evidentiary hearing to ascertain and develop the underlying facts concerning whether the Carlows knowingly and voluntarily waived their due process right to predeprivation notice and hearing. The trial court considered and denied the Carlows' motion.

■■■ On appeal to this Court,[3] the Carlows argue that the trial court erred in dismissing the Carlows' petition to strike the confession of judgment; that the trial court improperly refused to hold an evidentiary hearing in order to ascertain whether the Carlows knowingly waived their right to predeprivation notice and hearing; and that they did not waive their right to pre-deprivation notice and hearing.

■■■ Courts have widely recognized that a warrant to confess judgment must be explicit and will be strictly construed with any ambiguities resolved against the party in whose favor the warrant is given. *Lincoln Bank v. C. & H. Agency, Inc.*, 500 Pa. 294, 456 A.2d 136 (1982). With this precedent in mind, we will address the Carlows' contention that the trial court improperly dismissed their petition to strike the confession of judgment.

In *Fourtees Co. v. Sterling Equipment Corporation*, 242 Pa. Superior Ct. 199, 363 A.2d 1229 (1976), the Superior Court faced a situation similar to the one presently before this Court. In *Fourtees*, the appellant argued that the lower court erred when it failed to grant the appellant's motion to

---

3. On appeal from the denial of a petition to strike confessed judgment, the appellate court is limited to determining whether the record, as filed by the confessing party, is adequate to sustain judgment. *Germantown Savings Bank v. Talacki*, 441 Pa. Superior Ct. 513, 657 A.2d 1285 (1995). An appellate court should refrain from reversing a trial court's decision unless it is shown that the court committed an error of law or manifestly abused its discretion. *Dollar Bank, Federal Savings Bank v. Northwood Cheese Co., Inc.*, 431 Pa. Superior Ct. 541, 637 A.2d 309, *petition for allowance of appeal denied*, 539 Pa. 692, 653 A.2d 1231 (1994).

strike a judgment entered by confession because the appellee was not a party to the agreement which authorized judgment by confession. While the appellee conceded it was not the lessee or assignee of the lease, it did assert that it was the true owner of the premises because it was the sole owner of the lessee corporation.

In its opinion, the *Fourtees* court stressed that "[j]udgment cannot be entered in favor of a stranger to the contract, and, before a party is entitled to recover on a lease or contract, the burden is on him to show that he has an interest therein." *Id.* at 206, 363 A.2d at 1232. The court further stated, "[t]he real party in interest not only has the right to enter judgment by confession, but is the only party who may do so." *Id.* Because it was undisputed that the appellee was neither the owner of the demised premises nor the assignee of the lease, the Superior Court held that the trial court erred when it failed to strike the judgment.

In the instant action, the record reflects that PIDA is the entity who appears in the loan documents as the lender and is the party who was given the power to confess judgment. Based on our review of the record as well as the portions of the Act cited by the Department, we are not persuaded that the Department had the authority to enter the confession of judgment. In fact, a thorough review of the Act indicates that PIDA clearly operates independently from the Department. For example, Section 5(j) of the Act, 73 P.S. § 305(j), dictates that PIDA has the power to "sue and be sued, implead and be impleaded, complain and defend in all courts." Moreover, Section 5(r) of the Act, 73 P.S. § 305(r), provides that PIDA does *not* have the power to pledge the credit or taxing power of the Commonwealth. Section 5(r) further states that PIDA's obligations shall *not* be deemed to be obligations of the Commonwealth. In light of PIDA's obvious autonomy, we hold that the confession of

judgment was void on its face and that the Department could not, therefore, enter the confession of judgment against the Carlows. Thus, we reverse the trial court's denial of the Carlows' petition to strike confessed judgment.[4]

 For the same reasons, we hold that the trial court erred in granting the Department leave to amend its complaint in confession of judgment. Courts have long recognized that amendments to pleadings should be liberally allowed, *Noll by Noll v. Harrisburg Area YMCA*, 537 Pa. 274, 643 A.2d 81 (1994), and Pa. R.C.P. No. 1033 allows a party, by leave of court, to correct the name of a party or amend its pleading. However, an amendment is permitted where the right party was sued but under the wrong designation, while it is not permitted where the wrong party was sued and the amendment is designed to substitute a distinct party. *Hamilton v. Bechtel*, 441 Pa. Superior Ct. 390, 657 A.2d 980, *petition for allowance of appeal denied*, 542 Pa. 639, 666 A.2d 1049 (1995). In the context of confession of judgments, formal defects, mistakes and omissions may be corrected by amendment where the cause of action is not changed, where the ends of justice require the allowance of such amendment and where the substantive rights of the defendant or of any third persons will not be prejudiced thereby. *West Penn Sand & Gravel Co. v. Shippingport Sand Co.*, 367 Pa. 218, 80 A.2d 84 (1951). Here, the record indicates that the trial court allowed a new party, PIDA, to be substituted for the original plaintiff, the Department. Because such substitutions are prohibited, we conclude that amendment was improperly granted.

Accordingly, the orders of the trial court denying the Carlows' petition to strike confession of judgment and granting the Department's motion to amend its complaint in confession of judgment are reversed.[5]

---

4. Because of our holding that the Department's confession of judgment is void on its face, we need not address the Carlow's argument that the trial court erred when it held that the Department's complaint in confession of judgment constituted an affidavit.

5. Because of our holdings involving the petition to strike confession of judgment and motion to amend complaint in confession of judgment, we need not consider the issue raised by the Carlows regarding the trial court's failure to hold an evidentiary hearing. Furthermore, we will not discuss the two issues raised by the Department in its brief: whether the Carlows could raise

## ORDER

NOW, December 23, 1996, the orders of the Court of Common Pleas of Fayette County (trial court) denying the petition to strike confession of judgment of Frank V. Carlow and Marie Carlow and granting the Department of Commerce's motion to amend its complaint in confession of judgment are reversed and the trial court is directed to grant the Carlows' petition to strike confession of judgment.

their constitutional claims in this Court without having notified the court administrator and whether the Carlows were collaterally estopped from raising their constitutional claims in state court.