IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Erin Beckes,                          :
                    Appellant         :
                                      :
        v.                            :    No. 1248 C.D. 2024
                                      :
North East School District            :    Submitted: July 7, 2025


BEFORE:    HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE CHRISTINE FIZZANO CANNON, Judge
           HONORABLE MARY HANNAH LEAVITT, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE FIZZANO CANNON                    FILED: September 3, 2025


        Erin Beckes (Appellant) appeals the August 21, 2024 order of the Erie
County Court of Common Pleas (Trial Court) that granted the Motion for Judgment
on the Pleadings filed by North East School District (School District), denied
Appellant's "Motion to Amend Caption to Correct Name of Party In Accordance
With Pa.R.Civ.P. 1033" (Motion to Amend), and dismissed Appellant's Amended
Complaint with prejudice.  On review, we vacate and remand with instructions.

                  **I.  Background and Procedural Posture**

        On December 29, 2022, Appellant filed her Amended Complaint for
Declaratory Judgment and Injunctive Relief for Violation of Sunshine Act
(Amended Complaint)[1] against the School District alleging violations of the

_____

        [1] Appellant filed her original Complaint for Declaratory Judgment and Injunctive Relief
for Violation of Sunshine Act (Original Complaint) on November 17, 2022.  *See* Trial Court
Docket No. 2022-12712, Reproduced Record (R.R.) at 5a.  She then timely filed the Amended
Complaint after the School District filed its original preliminary objections on December 9, 2022.
*See id.*

Sunshine Act,[2] 65 Pa.C.S. §§ 704[3] & 712.1(a).[4] *See* Trial Court's 1925(a) Opinion dated November 14, 2024 (Trial Court Opinion)[5] at 1; *see also* Amended Complaint, Reproduced Record (R.R.) at 61a-115a. Specifically, Count I of the Amended Complaint alleged that the School District failed to provide sufficiently specific reasons for discussing certain matters in executive session. *See* Trial Court Opinion at 1; Amended Complaint at 4-10, R.R. at 67a-73a. Count II of the Amended Complaint alleged that the School District violated the Sunshine Act by deciding to file a cross-appeal in a certain lawsuit outside of a public meeting. *See* Trial Court Opinion at 1; Amended Complaint at 10-13, R.R. at 73a-76a.

---

[2] 65 Pa.C.S. §§ 701-716.

[3] Pursuant to Section 704 of the Sunshine Act,

> [o]fficial action and deliberations by a quorum of the members of an agency shall take place at a meeting open to the public unless closed under [S]ection 707 (relating to exceptions to open meetings), 708 (relating to executive sessions) or 712 (relating to General Assembly meetings covered).

65 Pa.C.S. § 704.

[4] Section 712.1(a) of the Sunshine Act provides that,

> [e]xcept as provided in subsection (b), (c), (d) or (e) [(delineating exceptions pertaining to emergency business, businesses arising within 24 hours before a meeting, business arising during a meeting and changes to agendas)], an agency may not take official action on a matter of agency business at a meeting if the matter was not included in the notification required under section 709(c.1) (relating to public notice).

65 Pa.C.S. § 712.1(a).

[5] The Trial Court Opinion is attached to Appellant's Brief as Appendix B.

The School District filed a preliminary objection in the form of a demurrer,[6] which the Trial Court sustained in part and overruled in part. *See* Trial Court Opinion at 1; *see also* Preliminary Objection to Plaintiff's Amended Complaint, R.R. at 117a-30a; Trial Court Opinion and Order dated May 19, 2023 (May 2023 Opinion).[7] Ultimately, the Trial Court dismissed Count II of the Amended Complaint with prejudice, finding that the decision to file a cross-appeal in a lawsuit is a matter of litigation that falls under the exception to the Sunshine Act's public meeting mandate.[8] *See* Trial Court Opinion at 1; *see also* May 2023

---

[6] "[A] demurrer is a preliminary objection to the legal sufficiency of a pleading and raises questions of law; [the court] must therefore accept as true all well-pleaded, material, and relevant facts alleged in the complaint and every inference that is fairly deducible from those facts." *Raynor v. D'Annunzio*, 243 A.3d 41, 52 (Pa. 2020) (citation and quotation marks omitted). "[T]he question presented by [a] demurrer is whether, on the facts averred, the law says with certainty that no recovery is possible. Where a doubt exists as to whether a demurrer should be sustained, this doubt should be resolved in favor of overruling it." *Bilt-Rite Contractors, Inc. v. The Architectural Studio*, 866 A.2d 270, 274 (Pa. 2005).

[7] The May 2023 Order appears at page 163a of the Reproduced Record. The May 2023 Opinion is attached to Appellant's Brief at Appendix A.

[8] Regarding Count II of the Amended Complaint, the Trial Court found:

> Count II of the [Amended] Complaint alleges that [the School District] violated the Sunshine Act by making the decision to cross-appeal in the [underlying l]awsuit in an executive session. The [Trial] Court has considered [the p]arties['] arguments regarding whether [the School District's] decision to file the cross-appeal falls under the definition of "agency business" or "official action." However, the [Trial] Court finds that filing a cross-appeal is a matter of litigation which falls under the exception to [the] Sunshine Act's public meeting mandate. *See* Pa.C.S. § 708(a)(4). (*See Reading Eagle* [*Co. v. Council of City of Reading*, 627 A.2d 305 (Pa. Cmwlth. 1993)] . . . .) (holding that litigation is a matter that has to be discussed in executive sessions) (*See also Trib Total Media* [*Inc. v. Highlands Sch. Dist.*, 3 A.3d 695 (Pa. Cmwlth. 2010)] . . . .)

Opinion at 6 & Order.  The Trial Court overruled the demurrer to as to Count I, however.[9]  *See* Trial Court Opinion at 1; *see also* May 2023 Opinion at 6, Order.

---

> (holding that allowing public to participate in a closed meeting, which was intended to discuss litigation, is in itself a violation of the Sunshine Act).  Therefore, [the School District's] act of deciding to file the cross-appeal in the [underlying l]awsuit outside of a meeting open to the public is not in violation of the Sunshine Act and [Appellant] has failed to state a claim on which relief may be granted at Count II of the [Amended] Complaint.  As such, [the School District's] Preliminary Objection at this count is sustained and Count II is dismissed with prejudice.

May 2023 Opinion at 6.

[9] Regarding Count I, the Trial Court found:

> Count I of the [Amended] Complaint alleges that [the School District] violated [the] Sunshine Act by failing to notify the public of the reasons for holding the executive sessions with sufficient specificity.  Here, the relevant Minutes of Meetings regarding the executive sessions state as follows:
>
> > "North East Board of School District had met in an Executive Session prior to this evening's meeting concerning areas permissible under Act 84 which include confidentiality issues protected by law, student issues, personnel, legal matters, and other matters relevant to the operation of the district."
>
> *See* Exh. A-C.
>
> This announcement fails to detail [the] general nature of [the] litigation including title and docket number as required by law.  *See Reading* [*Eagle*], *supra*.  Therefore, the Preliminary Objection at Count I of the [Amended] Complaint is overruled.

May 2023 Opinion at 6.

4

Later, on July 30, 2024, following the filing of this Court's decision in *Prozan v. Millcreek Township School District* (Pa. Cmwlth., No. 645 C.D. 2023, filed July 16, 2024),[10] the School District filed a Motion for Judgment on the Pleadings, arguing that the North East School Board (School Board), as opposed to the School District, is the proper indispensable party in this matter. *See* Trial Court Opinion at 2; Motion for Judgment on the Pleadings, R.R. at 192a-97a. The School District further contended in the Motion for Judgment on the Pleadings that the Amended Complaint can no longer be amended by virtue of the expiration of both the applicable statute of limitations and the statute of repose. *See* Motion for Judgment on the Pleadings at 2 (pagination supplied), R.R. at 193a; *see also* Trial Court Opinion at 2.

On August 15, 2024, Appellant filed the Motion to Amend in which she sought to change the named defendant in the Amended Complaint from "North East School District" to "North East School District Board of Directors" in light of the *Prozan* decision. *See* Motion to Amend, R.R. at 198a-222a; *see also* Trial Court Opinion at 2.

---

[10] In *Prozan*, this Court ruled that a trial court lacked subject matter jurisdiction where a plaintiff named a school district as the sole defendant in a Sunshine Act case. *See Prozan*, slip op. at 8-15. The Court determined that, because school districts are not "agencies" under the Sunshine Act, the school board, not the school district, was the proper indispensable party, and further that, without such party, the court lacked subject matter jurisdiction. *See id.* Accordingly, the Court vacated the trial court order sustaining a demurrer filed by the Millcreek Township School District and remanded the matter for the trial court to dismiss the complaint with prejudice. *See id.*, slip op. at 14-15.

In an order dated August 21, 2024, citing the "instructions handed down in" *Prozan*, the Trial Court dismissed the Amended Complaint with prejudice. *See* Trial Court Order dated August 21, 2024 (Dismissal Order).[11] R.R. at 224a.

Appellant timely appealed to this Court.

## II. Issues

Appellant raises three issues on appeal.[12] First, Appellant alleges the Trial Court erred by entering the Dismissal Order prior to the expiration of the 30-day period provided by local rule for a non-moving party to respond to a filed motion for judgment on the pleadings. *See* Appellant's Br. at 8 & 14-15. Appellant next argues that the Trial Court erred by refusing to permit Appellant to change the Amended Complaint's named defendant from the School District to the School

---

[11] The Trial Court dated the Dismissal Order on August 21, 2024, and notice thereof was sent to the parties on August 22, 2024. *See* Dismissal Order, R.R. at 224a. The Dismissal Order reads, in its entirety:

> AND NOW, to wit, this 21st day of August 2024, upon receipt and consideration of [the School District's] Motion for Judgment on the Pleadings, [Appellant's] Motion [] to Amend [], and in light of the Commonwealth Court of Pennsylvania's instructions handed down in the Order dated July 16, 2024, at docket no. 645 C.D. 2023, it is hereby ORDERED, ADJUDGED, and DECREED that [Appellant's] [A]mended [C]omplaint dated December 29, 2022, is hereby dismissed with prejudice.

R.R. at 224a.

[12] "This Court may sustain the trial court's grant of judgment on the pleadings only where the moving party's right to succeed is certain and the case is so free from doubt that trial would be a fruitless exercise." *Bldg. Owners & Managers Ass'n of Pittsburgh v. City of Pittsburgh*, 929 A.2d 267, 269 n.5 (Pa. Cmwlth. 2007), *aff'd*, 985 A.2d 711 (Pa. 2009) (internal citations omitted). "Our standard of review is whether the trial court committed an error of law or abused its discretion. We may consider only the pleadings, admissions and any documents properly attached to the pleadings presented by the party against whom the motion is filed." *Id.*

6

Board because Pennsylvania Rule of Civil Procedure 1033 permits claims to relate back to the original date of filing where a party to be added to a lawsuit had notice of the action and should have known that the action would have been brought against it but for a mistake. *See* Appellant's Br. at 8 & 16-21. In her third claim, Appellant argues that the Trial Court erred by applying the Sunshine Act's statute of repose to the instant matter. *See* Appellant's Br. at 9 & 21-24.

The School District, on the other hand, argues that the Trial Court correctly dismissed the Amended Complaint because Pennsylvania law does not allow complaints to be amended to add new parties to an action after the expiration of an applicable statute of limitations. *See* School District's Br. at 8-11 & 13-14. The School District also argues the Sunshine Act's statute of repose further barred Appellant's proposed amendment to the parties named in the Amended Complaint. *See* School District's Br. at 11-14. Additionally, the School District argues that the Trial Court's deviation from the local rule providing 30 days to respond to a filed motion for judgment on the pleadings affords Appellant no relief because Appellant failed to outline the Trial Court's abuse of discretion and, further, that the deviation represented, at worst, harmless error. *See* School District's Br. at 15-17.

### III. Discussion

Initially, we observe that Section 713 of the Sunshine Act requires as follows:

> A legal challenge under this chapter shall be filed within 30 days from the date of a meeting which is open, or within 30 days from the discovery of any action that occurred at a meeting which was not open at which this chapter was violated, provided that, in the case of a meeting which was not open, no legal challenge may be commenced more than one year from the date of said meeting.

7

65 Pa.C.S. § 713.

Pennsylvania Rule of Civil Procedure 1033 (Rule 1033) relates to the amendment of complaints and provides, in relevant part:

> A party, either by filed consent of the adverse party or by leave of court, may at any time change the form of action, add a person as a party, correct the name of a party, or otherwise amend the pleading. The amended pleading may aver transactions or occurrences which have happened before or after the filing of the original pleading, even though they give rise to a new cause of action or defense. An amendment may be made to conform the pleading to the evidence offered or admitted.

Pa.R.Civ.P. 1033(a). Rule 1033 further provides that

> [a]n amendment correcting the name of a party against whom a claim has been asserted in the original pleading relates back to the date of the commencement of the action if, within 90 days after the period provided by law for commencing the action, the party received notice of the institution of the action such that it will not be prejudiced in maintaining a defense on the merits and the party knew or should have known that the action would have been brought against the party but for a mistake concerning the identity of the proper party.

Pa.R.Civ.P. 1033(b). Thus, our Supreme Court has explained that

> Rule 1033 allows parties to correct the name of a party at any time either with the consent of the adverse party or by leave of court. However, an amendment to a pleading that adds a new and distinct party once the statute of limitations has expired is not permitted.

8

*Tork-Hiis v. Commonwealth*, 735 A.2d 1256, 1258 (Pa. 1999); *see also Kincy v. Petro*, 2 A.3d 490, 497 (Pa. 2010) ("A plaintiff may not amend a pleading to add a new and distinct party once the statute of limitations has expired."). As has been explained:

> A plaintiff may not add a new defendant after the applicable statute of limitations has expired. Thus,
>
> > in cases where the statute of limitations has expired and a party seeks to amend its pleading to correct the name of party, the issue is whether the proposed amendment adds a new party to the litigation or merely corrects a party name. If an amendment constitutes a simple correcting of the name of a party, it should be allowed, but if the amendment in effect adds a new party, it should be prohibited.
> >
> > If the proper party was sued but under the wrong designation, the correction will be allowed. However, where the wrong party was sued and the amendment is designed to substitute another, distinct party, it will be disallowed.

*Anderson Equip. Co. v. Huchber*, 690 A.2d 1239, 1241 (Pa. Super. 1997)[13] (internal citations, quotation marks, and footnote omitted); *see also Dep't of Commerce v. Carlow*, 687 A.2d 22, 25 (Pa. Cmwlth. 1996) ("an amendment is permitted where the right party was sued but under the wrong designation, while it is not permitted where the wrong party was sued and the amendment is designed to substitute a distinct party").

---

[13] Although not binding, Superior Court decisions are persuasive authority in this Court where they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

In July of 2024, in *Prozan*, this Court concluded that school boards, not school districts, are the appropriate indispensable parties in Sunshine Act litigation. *See Prozan*, slip op. at 8-9. The Court explained:

> [C]ritically, a school district, though an agency of the Commonwealth, does not constitute an agency for purposes of the Sunshine Act. Rather, the pertinent agency is the [s]chool [b]oard, in that Section 703 of the Sunshine Act defines "agency" as including, *inter alia*, a "school board. . . ." 65 Pa.C.S. § 703.

*Id.* at 9 (some internal citations and footnote omitted); *see also Paterra v. Charleroi Area Sch. Dist.*, 349 A.2d 813, 815 (Pa. Cmwlth. 1975) (noting that the Sunshine Act defines school boards, not school districts, as "agencies" and thus the school board was the proper indispensable party in Sunshine Act litigation involving claims about the action/inaction of a school board). The Court observed further that

> the failure to join an indispensable party deprives the court of subject matter jurisdiction. *Huston v. Campanini*, . . . 346 A.2d 258 (Pa. 1975). In the interest of justice, Pennsylvania law allows this objection to be raised at any time during the proceedings, *even on appeal*. Pa.R.Civ.P. 1032; *DeCoatsworth v. Jones*, 639 A.2d 792 (Pa. 1994); *Reifsnyder v. Pittsburgh Outdoor Advertising Co.*, 152 A.2d 894 (Pa. 1959); *In Re Patterson's Est*[.], 19 A.2d 165, 166 (Pa. 1941) ("The want of jurisdiction over the subject matter may be questioned at any time. It may be questioned either in the trial court, before or after judgment, or for the first time in an appellate court, and it is fatal at any stage of the proceedings, even when collaterally involved . . . ."); *Moskowitz's Registration Case*, 196 A. 498 (Pa. 1938); *In Re Simpson's Est*[.], 98 A. 35, 38 (Pa. 1916) ("It is

10

never too late to attack a judgment or decree for want of jurisdiction. That question is always open."). The question of jurisdiction over the subject matter may even be raised *sua sponte* by the court. *Huston*; *Tigue v. Basalyga*, 304 A.2d 119, 120 (Pa. 1973) (Failure to join an indispensable party "goes absolutely to the court's jurisdiction and the issue should be raised *sua sponte*.").

"[I]f all necessary and indispensable parties are not parties to an action in equity, the court is powerless to grant relief." *Huston*, 346 A.2d at 259; *Biernacki v. Redevelopment Auth. of the City of Wilkes-Barre*, 379 A.2d 1366 (Pa. Cmwlth. 1977). An order of the court rendered in the absence of an indispensable party is null and void. *Columbia Gas Transmission Corp. v. Diamond Fuel Co.*, 346 A.2d 788 (Pa. 1975). "Such a judgment is entitled to no authority or respect, and is subject to impeachment in collateral proceedings at any time by one whose rights it purports to affect." *Moskowitz's*, 196 A. at 502. When the absence of an indispensable party is determined, it is incumbent upon the court to dismiss. Pa.R.Civ.P. 1032(b).

*Church of Lord Jesus Christ of Apostolic Faith, Inc. v. Shelton*, 740 A.2d 751, 755-56 (Pa. Cmwlth. 1999) (footnote omitted) (emphasis added); *see also Strasburg Scooters, LLC v. Strasburg Rail Rd., Inc.*, 210 A.3d 1064, 1069 (Pa. Super. 2019) ("raising the issue of nonjoinder of an indispensable party even though the parties and trial court did not"); *N. Forests II, Inc. v. Keta Realty Co.*, 130 A.3d 19, 28-29 (Pa. Super. 2015) (citation omitted) (holding that "the failure to join an indispensable party is a non-waivable defect that implicates the trial court's subject matter jurisdiction").

11

*Id.* at 10-12 (cleaned up; brackets and internal footnote omitted; emphasis in original). The Court noted that Prozan incorrectly named the school district, not the school board, as the sole defendant in the matter and that this failure to name the school board – an indispensable party – as a defendant deprived the trial court of subject matter jurisdiction over the action. *See id.* at 14. Thus, the Court vacated the trial court order sustaining the school district's demurrer concerning an alleged violation of the Sunshine Act and remanded the matter with instructions for the trial court to dismiss the complaint without prejudice based on lack of subject matter jurisdiction. *See id.* at 14-15.

Similarly here, Appellant filed the Original Complaint in November 2022 and the Amended Complaint in December of 2022. *See* Trial Court Docket No. 2022-12712 (Trial Court Docket), R.R. at 5a; *see also* Trial Court Opinion at 4. Each complaint concerned purported actions or omissions on the part of the School Board that allegedly occurred in September and October of 2022. *See* Trial Court Docket, R.R. at 5a; *see also* Trial Court Opinion at 4. However, both the Original Complaint and the Amended Complaint named the School District as the sole defendant in the action. *See* Trial Court Docket, R.R. at 5a. As in *Prozan*, Appellant's failure to name the School Board – an indispensable party – in the Amended Complaint deprived the Trial Court of subject matter jurisdiction over the action. As a result, the Trial Court lacked subject matter jurisdiction to issue the Dismissal Order based on a demurrer. Accordingly, we vacate the Dismissal Order.

The Trial Court erred, however, by dismissing the Amended Complaint with prejudice. While we appreciate the Trial Court's reasoning regarding the expiration of the statute of limitations and the Sunshine Act's statute of repose, for the reasons discussed above, the Trial Court lacked jurisdiction to enter an order

12

granting the Motion for Judgment on the Pleadings or denying the Motion to Amend. As such, the Trial Court lacked jurisdiction to enter an order barring Appellant from bringing an action against the appropriate indispensable party(-ies) in this matter and erred by so doing.[14] *Prozan*. Therefore, we remand the matter to the Trial Court with instructions to dismiss the matter without prejudice as opposed to with prejudice.

## IV. Conclusion

For these reasons, we vacate the Dismissal Order and remand the matter to the Trial Court with instructions to dismiss the Amended Complaint without prejudice.[15]

_____
CHRISTINE FIZZANO CANNON, Judge

---

[14] We acknowledge that, if Appellant later brings an action against the School Board, the Trial Court's analysis of the statutes of limitation and repose may well form a portion of an appropriate analysis of a motion for judgment on the pleadings by the School Board in such future action. We further observe, however, given the procedural posture of the case currently before the Court, and for the reasons stated above, a discussion of such analysis is unnecessary to resolve the instant matter.

[15] We observe that our disposition vacating the Dismissal Order because the Trial Court lacked subject matter jurisdiction and remanding the matter to the Trial Court to dismiss the Amended Complaint renders moot Appellant's argument that the Trial Court erred by entering the Dismissal Order prior to the expiration of the time period for responding to a motion for judgment on the pleadings provided by the Court of Common Pleas of Erie County's Local Rule 1034.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Erin Beckes,               :
           Appellant       :
                           :
        v.                :    No. 1248 C.D. 2024
                           :
North East School District    :

# **O R D E R**


AND NOW, this 3rd day of September, 2025, the August 21, 2024 order of the Erie County Court of Common Pleas (Trial Court) is VACATED, and the matter is REMANDED to the Trial Court with instructions to dismiss without prejudice the Amended Complaint for Declaratory Judgment and Injunctive Relief for Violation of Sunshine Act filed by Erin Beckes on December 29, 2022.

Jurisdiction relinquished.


_____

CHRISTINE FIZZANO CANNON, Judge