## Rosenberg v. Bary

*William M. Goldman*, for plaintiff.

*William L. Carlin*, for defendant.

MONROE, J., June 25, 1970.—This is an action of assumpsit tried before the undersigned judge without a jury brought by Joseph L. Rosenberg, alleged assignee of Sara Lipschitz, against Howard Y. Bary on a cause of action arising out of an agreement in writing, dated July 30, 1951, attached to and made a part of plaintiff's complaint as exhibit "B". Under the terms of the agreement, Sara Lipschitz loaned a sum of money to British Africa Zoo, Inc., repayable upon an installment basis set forth in detail in said agreement. Howard Y. Bary guaranteed the repay-

ment of the said sum. On October 26, 1951, British Africa Zoo, Inc., and Howard Y. Bary being in default of the agreement dated July 30, 1951, entered into a further agreement in writing with Sara Lipschitz under the terms of which she loaned an additional $1,500 to British Africa Zoo, Inc., making a total indebtedness of said corporation to Sara Lipschitz of $8,000, which the said corporation agreed to repay to her upon the installment basis set forth in the said agreement and wherein defendant, Howard Y. Bary, guaranteed the repayment of the said $8,000 on the terms set forth in the said agreement of October 26, 1951.

It is not disputed that the corporation and defendant Bary defaulted in their repayment obligation under both of the aforesaid agreements and, at trial, counsel for Mr. Bary admitted that there was due to Sara Lipschitz under various documents the amount of $5,250, plus interest from December 18, 1953. In his answer and new matter to plaintiff's complaint, defendant pleaded the statute of limitations, which was abandoned at trial, and denied that Joseph L. Rosenberg was a real party in interest, attacking the validity of the alleged assignments from Sara Lipschitz and her estate to the said Rosenberg.

At trial, plaintiff testified that he was the brother of Sara Lipschitz, that Sara Lipschitz died on May 1, 1954, at New York City, that Estelle Rosenberg, a sister of plaintiff and of Sara Lipschitz, was the sole legatee of Sara Lipschitz and was executrix of her estate. He introduced in evidence a death certificate issued out of the Department of Health of the City of New York to establish the death of Sara Lipschitz. His claim, as real party in interest, is based on two alleged assignments to him of the rights of Sara Lipschitz under the agreements above mentioned. The first, "P-1", an alleged assignment in typewriting,

dated four days before the death of Sara Lipschitz, is as follows:

"April 26, 1954.

### Lipschitz vs Bary

"For the purposes of suit, please enter same in the name of JOSEPH L. ROSENBERG., to whom claim has been assigned.

"(signed)   Sara Lipschitz

"Sara Lipschitz"

The second is an alleged assignment in longhand, admittedly that of plaintiff, "P-2," as follows:

"2/19/58

"British Africa Zoo (Bary) matter is now the property of Joseph L. Rosenberg. Previously assigned 4/26/1954.

"(signed)   Estelle Rosenberg

individually and as executrix of estate of Sara Lipschitz, dec'd."

When suit is brought against defendant by a stranger to his contract, he is entitled to proof that plaintiff is the owner of the claim against him. Brown v. Esposito, 157 Pa. Superior Ct. 147 (1945). Plaintiff has failed to sustain the burden of proof in this respect. Neither of the alleged assignments are self-sustaining as to precisely what was intended to be assigned. Neither of the alleged assignments appear to have been witnessed at the time of execution thereof by anyone except plaintiff herein. He alone identifies the subject matter of the assignment with the contracts of July 30, 1951, and October 26, 1951, and he alone testified as to the signatures to each alleged assignment. Estelle Rosenberg was not called to corroborate either alleged assignment and no explanation was given for not calling her. It may, therefore, be inferred that, had she been called, her testimony would not have favored plaintiff.

As to the assignment of April 26, 1954, it was made, according to plaintiff's testimony, at a time when Sara Lipschitz was ill in the hospital and just four days before her death. It was prepared by him. That portion thereof which ends with the word "Rosenberg" is in light type, whereas the following words "to whom claim has been assigned" is in heavy or dark type. This, Mr. Rosenberg attempted to explain by saying: "It came at the end of the use of the ribbon, and I as an old typist had to re-roll the type—or clean the part—to a cleaner part of it. It's the same type." Also between the word "Rosenberg" and the following words appears first of all a period and then a comma, which raises some question as to the integrity of the document. This Mr. Rosenberg explained as due to his inability to type. Furthermore, the alleged signature of Sara Lipschitz to the document appears to be quite dissimilar to what purports to be her signature to the contract of October 26, 1951.

With specific reference to the alleged assignment by Estelle Rosenberg as executrix of the Estate of Sara Lipschitz, there was no evidence other than plaintiff's statement to establish that Estelle Rosenberg had, in fact, been appointed as executrix of the estate of her deceased sister.

Finally, the unexplained delay between April 26, 1954, the date of the first alleged assignment, and March 24, 1958, the date of the filing of the complaint, in bringing suit casts doubt upon the authenticity of the assignments. It is the conclusion of the trial judge that plaintiff has failed to prove that he is a real party in interest in this action.

## DECREE

And now, June 25, 1970, judgment nisi is entered in favor of defendant and against plaintiff, and the prothonotary shall forthwith give notice of this

opinion and judgment to counsel of record for the respective parties, and if no exceptions thereto are filed with the prothonotary within 30 days after service of such notice, final judgment shall be entered by the prothonotary.