## Rosenthal & Rosenthal, Inc. v. Fairy Mills, Inc.

*Ronald Amato,* for plaintiff.
*Donald F. Spang,* for defendant.

ESHELMAN, *J.,* April 27, 1981—Presently before us for disposition are defendant's preliminary objections to plaintiff's amended complaint in the nature of a more specific pleading.

Defendant in this action, Fairy Mills, Inc., entered into a written contract with Garden State Yarn Corporation for the purchase of certain yarn goods and merchandise. These goods were subsequently delivered, received and accepted by defendant. Plaintiff has alleged that by virtue of a written contract with Garden State Yarn Corporation, it received all rights, title and interest under the abovementioned contract with defendant. Preliminary objections were filed to the complaint and plaintiff has since filed an amended complaint.

Defendant's preliminary objections to the amended complaint raise two questions for our consideration. We shall deal with each question separately.

## ATTACHMENT OF DOCUMENTS

Defendant avers in preliminary objections nos. one, two and three that under Pa.R.C.P. 1019(h) plaintiff is required to attach certain writings to its amended complaint. Respectively, these include enclosures mentioned in an invoice dated March 29, 1979, a copy of the written contract between Garden State Yarn Corporation and plaintiff, as well

as a copy of the written assignment of rights under the original contract.*

In its brief of argument, plaintiff cites Monarch Co. v. Sylvania Mfg. Co., 2 Lyc. 157 (1950), wherein it was held that in a suit brought by an assignee, no copy of the assignment need be attached to the complaint as an exhibit even though the party relying on the assignment had the burden of proof as to its existence. In examining the facts presently before us, we are not compelled to follow this holding. "[Pa.R.C.P. 2002] requires the facts of the assignment to be pleaded in the complaint. The assignment is therefore an essential part of plaintiff's case; it becomes a document upon which plaintiff relies; Rule 1019(h) therefore requires its attachment as an exhibit." 2 Goodrich-Amram 2d, § 1009(h):2, fn.58.

Accordingly, we find that preliminary objections nos. two and three should be granted.

As to preliminary objection no. one, concerning the documentation mentioned in the invoice, we are of the opinion that plaintiff's failure to attach these was not in error. Documents not the basis of the action need not be attached, even though they may be introduced as part of the evidence at trial: Teitelbaum and Teitelbaum v. Miller, 53 Schuyl. 131 (1957).

## BASIS OF PARTIAL CREDITS

In preliminary objection no. four, defendant al-

---

*Paragraph six of the amended complaint specifies that the assignment was achieved pursuant to a written contract between plaintiff and Garden State Yarn. We shall assume that this contract fully embodies the assignment of all rights under the contract originally entered into by defendant. Preliminary objections nos. two and three are thus treated as referring to a single written instrument.

leges that the amended complaint fails to state the basis for the allowance of certain credits for unsatisfactory yarn which was returned by defendant. Rule 1019(a) of the Pennsylvania Rules of Civil Procedure provides that only the material facts upon which a cause of action is based shall be stated in "concise and summary form." Evidentiary matters need not be included as long as sufficient facts are stated to define the issues to be tried and put the opponent on notice of what he will be called upon to meet at trial: Huntington v. Bloomsburg Area Industrial Development Ass'n., Inc., 53 D. & C. 2d 138 (1971).

Paragraph eight of plaintiff's amended complaint alleges that defendant was entitled to credit in an amount totaling $840. The same paragraph also states that this figure was "computed on the basis of the return by Defendant of 1,399 pounds of alleged unsatisfactory yarn at the rate of return of $.70 per pound, because of the yarn's poor condition minus $.10 per pound for charges to check and repack the poorly bound yarn. . . ."

The amended complaint provides sufficient details to apprise defendant of the basis of the partial credits. We are not of the opinion that plaintiff should be required to further amend its pleadings in this respect. Preliminary objection no. four is therefore denied.

## ORDER

And now, April 27, 1981, defendant's preliminary objections nos. two and three, in the nature of a motion for a more specific pleading, are sustained. Defendant's preliminary objections nos. one and four are hereby denied and dismissed. Plaintiff is given leave to amend its pleadings to comply with Pa.R.C.P. 1019(h) within 30 days.