**Claims Recovery Systems v. Donley**

*Thomas L. Maher,* for plaintiff.
*Nicholas A. Frisk III,* for defendant.

MOTTO, *P.J.,* April 21, 2011—Before the court for disposition are defendant's preliminary objections to plaintiff's complaint. Defendant claims that plaintiff has failed to properly attach required documents to its complaint pursuant to Pa.R.C.P. 1019(i), specifically that plaintiff has failed to attach documentation demonstrating the alleged assignment of defendant's account from Huntington National Bank to Hudson and Keyes, LLC or the alleged subsequent assignment of the account from Hudson and Keyes, LLC to plaintiff. In defendant's brief in support of preliminary objections, defendant raises the additional matter of plaintiff's failure to attach a statement of account detailing how plaintiff arrived at the sum of $8,000 owed. However, such a claim must be raised in the original pleading and not in a brief. As such, defendant's objection is not timely and the court will not address it.

In accordance with the opinion of the Superior Court in *Atlantic Credit and Finance Inc. v. Giuliana,* 829 A.2d 340 (Pa. Super. 2003), and this own court's opinion in *Hilko Receivables, LLC. v. Haas,* 10274 of 2009, C.A. (Com. Pl. Lawrence 2009), two cases which addressed the issue of what documentation is required in a debt collection action,

the court finds that defendant's preliminary objections are meritorious, as the assignments attached to the complaint as Exhibits A and B do not refer to defendant's loan account as being included in the assignments nor do the allegations of the complaint allege the connection between these documents and defendant's loan account. Therefore, plaintiff's complaint will be dismissed with leave to amend to file the proper documentation as required by the holdings of *Atlantic Credit* and *Hilko Receivables*.

In plaintiff's brief in response to preliminary objections, plaintiff argues that Pa.R.C.P. 2002 is the controlling law in this instance, and that the rule does not require plaintiff to attach the actual assignments of assets. Instead, plaintiff avers, only an affirmative allegation of the fact of the assignment, that is susceptible of proof, needs to be pleaded. *Brown v. Esposito*, 42 A.2d 93, 94 (Pa. Super. 1945). Rule 2002 provides, in pertinent part, that "all actions shall be prosecuted by and in the name of the real party in interest," Pa.R.C.P. 2002. Plaintiff's argument is based on *Brown v. Esposito*, a case in which the Superior Court considered the proper application of Rule 2002.

In *Brown*, the plaintiff averred that she was the real party in interest because a contract had allegedly been executed which lawfully and duly assigned the interest at issue to the plaintiff. *Id.* 42 A.2d at 93. The plaintiff, however, failed to attach the assignment or to plead the fact of the assignment anywhere on the record. *Id.* at 94. The court noted that Rule 2002 did not require the joinder of the assignor as a nominal party, but the rule did require the real party in interest to show in his pleading how he acquired that interest. *Id.* Specifically, the *Brown* court

stated that, "The derivation of the title to the cause of action must be alleged affirmatively as a fact, so that the defendant may require proof of the assignment if he so desires." *Id.* The court held that plaintiff was not required to set out the assignment verbatim or attach a copy of the assignment as an exhibit, it would have been sufficient if plaintiff had stated the fact and date of the assignment and the parties thereto. *Id.* at 94.

Plaintiff Claims Recovery Systems avers that the holding of *Brown* is controlling in the matter sub judice, and therefore the complaint is sufficient. Further, plaintiff avers that even if Rule 2002 and the holding of *Brown* do not control, Pa.R.C.P. 1019(h) and 1019(i) do not require the attachment of the assignments. In a case decided almost 40 years after *Brown*, in which an argument similar to plaintiff's was made, the court in *Rosenthal & Rosenthal, Inc. v. Fairy Mills, Inc.*, 18 Pa. D. & C. 3d 364 (Pa. Com. Pl. 1981), held that to comply with the pleading requirements of Rule 2002, any documents relied upon by plaintiff must be attached in accordance with the requirements of Rule 1019(h). *Rosenthal* at 366.

The plaintiff in *Rosenthal* cited the case of *Monarch Co. v. Sylvania Mfg. Co.,* 2 Lyc. 157 (1950), which held that in a suit brought by an assignee, no copy of the assignment needed be attached to the complaint as an exhibit. The *Rosenthal* court examined Rule 2002 and stated, "Pa.R.C.P. 2002 requires the facts of the assignment to be pleaded in the complaint. The assignment is therefore an essential part of the plaintiff's case; it becomes a document upon which plaintiff relies; Rule 1019(h) therefore requires its attachment as an exhibit." *Rosenthal* at 366 quoting 2 Goodright-Amram 2d. §1009(h):2, fn.58. This court finds

the reasoning in *Rosenthal* to be on point in determining the matter at hand. Plaintiff claims Recovery Systems has plead the existence of an assignment relying on Rule 2002, thus the assignment is an essential part of plaintiff's case and plaintiff's pleadings based on the alleged agreement must comport with Rule 1019(h) and (i).

Pa.R.C.P. 1019(h) requires a pleader to specifically state whether an agreement upon which a claim or defense is based is written or oral. If the agreement is in writing, then Pa.R.C.P. 1019(i) requires a pleader relying on a written agreement to attach the agreement or the material part thereof to the complaint, unless the agreement is not accessible in which case the pleader must so state, along with the reason, and set forth the substance of the agreement in writing. Pa.R.C.P. 1019(i). The cases *Atlantic Credit and Finance Inc. v. Giuliana,* 829 A.2d 340 (Pa. Super. 2003), and *Hilko Receivables v. Haas,* 10274 of 2009, C.A. (Com. Pl. Lawrence 2009), provide the court with useful guidance in determining the proper application of Rule 1019(i) to the matter sub judice.

In *Atlantic Credit,* the Superior Court held that preliminary objections to the complaint based on the failure of the plaintiff to attach the cardholder agreement, statement of account, and evidence of the assignment of the account was meritorious and should have been sustained. *Atlantic Credit,* 829 A.2d at 345. When deciding the case of *Hilko Receivables, LLC. v. Haas,* supra, this court extended the reasoning of *Atlantic Credit* to find meritorious preliminary objections to the complaint filed by plaintiff for failure to attach the applicable cardholder agreement, a statement of account which explained fully how the contested balances were arrived at in terms of

payments and credits, and for failure to attach any writings that related to the assignment from the original lender to any other entity or to the plaintiff. *Hilko*, 10274 of 2009 at 4.

The situations in *Atlantic Credit* and *Hilko Receivables* are similar to the situation sub judice. In *Atlantic Credit*, the appellee alleged in its complaint that it was a Virginia corporation and that the appellants were indebted to "GM Card" in accordance with a written contract in the amount of $9,644.66 and for additional sums including interest and attorney's fees, all in accordance with a written contract. *Atlantic Credit*, 829 A.2d at 341. The appellee further alleged that it was the purchaser of the account from "GM Card," but failed to attach either any contract or agreement between GM and the appellants, or any contract or agreement between GM and itself. *Id.* All that appellee attached was a single sheet that appeared to be a monthly statement from GM Card addressed to the appellants setting forth a balance of $9,644.66, an interest rate of 24.15 percent, and over the limit charges and late charge assessments for $29.00 each. *Id.*

The Superior Court held that the failure to attach the writings which assertedly established appellee's right to a judgment against appellant based on an alleged debt appellee allegedly purchased was fatal to the claims set forth in appellee's complaint. *Id.* at 345. Specifically, the court found that failure to produce a cardholder agreement and statement of account, as well as evidence of the assignment, established a meritorious defense for appellant. *Id.*

In *Hilko Receivables, LLC. v. Haas*, supra, the plaintiff

alleged that the defendant applied for and received a credit card from Barklays Bank; that the defendant used the credit card and had an outstanding balance in the amount of $3,556.67. *Hilko*, No. 10274 of 2009 at 3. Plaintiff further alleged that it purchased the account from Barklays Bank, was the current owner of the account, and was owed the outstanding balance. *Id.* Attached to the complaint was a series of credit card statements issued by an entity identified as "Juniper." *Id.* The earliest statements attached indicated a previous balance of $2,539.42 and offered no explanation as to how the balance was arrived at. Also attached was a documented identified as No. 6218313. This document had a designation thereon of "barklaycard," but nothing about the document indicated that it was an agreement between the parties and no allegations were made in the complaint describing how the document was an agreement. *Id.* There were no documents relating to any assignments from Barklays Bank to any other party attached to the complaint, and no documents identifying what relationship if any the entity known as "Juniper" had to the transactions. *Id.* at 4.

This court held that plaintiff's failure to attach to the complaint the cardholder agreement, a statement of account which fully explains how all balances were arrived at in terms of payments and credits, and the failure to attach any writings relating to the assignment from the original lender or card issuer to any other entity or to the plaintiff provided a meritorious defense to the defendant. *Id.* This court granted defendant's preliminary objections with leave for plaintiff to amend the complaint. *Id.*

In the matter sub judice, plaintiff Claims Recovery system alleges that defendant Donley accepted a loan

from Huntington National Bank and subsequently defaulted on the loan by failing to make the required monthly payments. Plaintiff alleges that the last payment defendant made was on July 20, 2007, and that the account was sold for collections by Huntington National Bank to Hudson and Keyes LLC on December 17, 2008. Plaintiff further alleges that plaintiff purchased the account from Hudson and Keyes, LLC on October 30, 2009 and that at the time of purchase the account had an outstanding balance of $8,000.

Plaintiff Claims Recovery System has attached to its complaint two bills of sale and assignments of assets, and a copy of a loan agreement between defendant and Huntington National Bank. The first bill of sale and assignment of assets indicates that Hudson and Keyes, LLC bought a claim from Huntington Bank. The second bill of sale and assignment of assets indicates that Hudson and Keyes, LLC sold a claim to plaintiff. Neither bill of sale and assignment of assets in anyway indicate what assets are being transferred or what relationship, if any, those assets have to defendant Donley.

The documents that plaintiff has attached demonstrate only that assets had been purchased by Hudson and Keyes and by plaintiff. Neither document indicates what assets were purchased, nor do they indicate that the same assets are involved in the two separate transactions, or that defendant's account was included in the assets transferred. The only discernible fact that can be determined from any of the attached documents is that defendant Donley and Huntington National Bank entered into a loan agreement. Plaintiff's attachments are clearly deficient in that neither of the two bills of sale and assignments of assets reference

defendant's loan account.

Based on the Superior Court's holding in *Atlantic Credit*, and this court's own holding in *Hilko Receivables*, the court finds that plaintiff's failure to attach documentation that defendant's account was included in the assignment from Huntington Bank to Hudson and Keyes, LLC, and the alleged assignment from Hudson and Keyes, LLC to plaintiff is a violation of Pa.R.C.P. 1019(i). Accordingly, the court grants defendant's preliminary objections, but grants plaintiff leave to amend Paragraph 10 of the complaint to properly clarify the relationship between the attached exhibits and said paragraph, and for plaintiff to properly attach to the complaint documentation (which may be in excerpt form) demonstrating that defendant's loan account was bought and assigned first from Huntington Bank to Hudson and Keyes, LLC, and then from Hudson and Keyes, LLC to plaintiff.

## ORDER OF COURT

And now, April 12, 2011, in accordance with the accompanying opinion of even date herewith, it is ordered, adjudged, and decreed that defendant's preliminary objections alleging the failure to comply with Pa.R.C.P. 1019(i) are granted and plaintiff's complaint is dismissed with leave to file an amended complaint within 20 days of the date this order is docketed demonstrating that defendant's loan account is included within the assignments identified as Exhibits A and B of plaintiff's complaint. This requirement may be satisfied by attaching to each assignment an excerpt from the schedule of assets referred to in each exhibit referencing defendant's loan account or in any other manner permitted by Pa.R.C.P. 1019(i).